

## THERESA CHANG
### HARRIS COUNTY DISTRICT CLERK

FILED

08 MAR 24 PM 1:44

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ *cl* _____ DEPUTY

**February 28, 2008**

Honorable Irma E. Gonzalez, Chief Judge
United States District Court
Southern District of California
Courtroom 1, Fourth Floor
880 Front Street
San Diego, California 92101-8900

**'08 CV 0544 BTM JMA**

Re:  Cause No.2005-34601; Marcy Berkley Dickey, Individually and a/n/f of Dashun Dickey
and Kristian Dickey vs. Metabolife International, Inc., et al; Pending in the 113th
Judicial District Court of Harris County, Texas

Dear Madam;

The documents listed on the attached index are being transferred to your office for filing
per the order of the judge in the 113th Judicial District Court of Harris County, Texas.

This file was mailed to your office, Certified Mail Receipt No. 7003 1680 0002 3333 5460.

**Please return a file stamped copy of this letter acknowledging receipt of the transcript to:**

Theresa Chang, District Clerk
Attn: Kellie Kitchens
Administrative Services
P.O. Box 4651
Houston, TX 77210-4651

Thank you,

*BTM (JMA)*

*Kellie Kitchens*

Kellie Kitchens
Deputy Clerk
Administrative Services
713-755-6828

# I N D E X

## Cause No. 2005-34601

| | |
|---|---|
| Marcy Berkley Dickey,<br>Individually and a/n/f of Dashun<br>Dickey and Kristian Dickey<br>vs.<br>Metabolife International, Inc., et<br>al | IN THE DISTRICT COURT OF<br>HARRIS COUNTY, TEXAS<br>113th JUDICIAL DISTRICT |

| | DATE<br>FILED | DATE<br>ORDER<br>SIGNED | DESCRIPTION OF DOCUMENT |
|---|---|---|---|
| 1. | | 01/04/2008 | ORDER TRANSFERRING TO:<br>**Honorable Irma E. Gonzalez, Chief Judge**<br>**United States District Court**<br>**Southern District of California**<br>**Courtroom 1, Fourth Floor**<br>**880 Front Street**<br>**San Diego, California 92101-8900**<br>**San Diego County, California** |
| 2. | 05/23/2005 | | COURT'S DOCKET SHEET |
| 3. | 05/23/2005 | | PLAINTIFF'S ORIGINAL PETITION |
| 4. | 05/23/2005 | | Citation – Wal-Mart Stores, inc. |
| 5. | 05/23/2005 | | Citation – Rusche Properties I LLC by serving its registered agent E. V. Bonner, Jr. |
| 6. | 05/23/2005 | | Citation – Metabolife International, Inc. by serving the Secretary of State |
| 7. | 05/23/2005 | | Citation – Muscletech Research & Development, Inc by serving the Secretary of State |
| 8. | 05/23/2005 | | Citation Corporate – Anum Enterprises, Inc. by serving its registered agent Aftab Aziz - |
| 9. | 07/01/2005 | | Plaintiff's First Amended Original Petition and Requests for Disclosures |
| 10. | 07/21/2005 | | Defendant Anum Enterprises, Inc.'s Rule 216 Request |

| | | | |
|---|---|---|---|
| 11. | 07/27/2005 | | Original Answer of Defendant Wal-Mart Stores, Inc., Jury Demand of Wal-Mart Stores, Inc., Firm check filing fee, Certificate of Written Discovery Regarding Wal-Mart Stores, Inc.'s Requests for Disclosure to Plaintiff Marcy Berkley Dickey, Individually and as Next Friend of Dashun Dickey and Kristian Dickey. |
| 12. | 08/26/2005 | | Certificate of Written Discovery |
| 13. | 08/29/2005 | | Original Answer of Defendant Muscletech Research & Development, Inc., and Jury Demand of Muscletech Research & Development, Inc. |
| 14. | 08/30/2005 | | Certificate of Written Discovery |
| 15. | 08/31/2005 | | Certificate of Written Discovery |
| 16. | 09/02/2005 | | Notice of Partial Non-Suit of Wal-Mart Stores, Inc. |
| 17. | 09/02/2005 | | Notice of Partial Non-Suit of Muscletech Research Development, Inc. |
| 18. | | 11/10/2005 | Joint Motion to Abate and corresponding Order |
| 19. | | 01/04/2008 | Joint Motion to Life Abatement for the Limited Purpose of Transfer; and Order |
| 20. | 01/04/2008 | | Plaintiff Marcy Berkley Dickey, Individually and as Next Friend of Dashun Dickey and Kristian Dickey and Defendant Anum Enterprises, Inc.'s Joint Motion to Transfer Civil Action Pursuant to Mandatory Provisions of 28 U.S.C. § 157(b)(5) |

**CERTIFICATE**

**THE STATE OF TEXAS**

**COUNTY OF HARRIS**

   I, **THERESA CHANG**, Clerk of the District Court in and for Harris County, Texas,

do hereby certify that the above and foregoing are true and correct copies of all the proceedings

directed Sec. 155.207(a) to be included in the Transfer of the below referenced cause to The

Honorable Irma E. Gonzalez, Chief Judge, United States District Court, Southern District of

California, Courtroom 1, Fourth Floor, 880 Front Street, San Diego, California 92101-8900; County

of San Diego, California.

**Marcy Berkley Dickey,**
**Individually and a/n/f of Dashun**
**Dickey and Kristian Dickey**
**vs.**
**Metabolife International, Inc., et**
**al**

              **NO. 2005-34601**

as the same appear from the originals now on file of record in this office.

   GIVEN under my hand and seal of said Court at office in the City of Houston, on the 28th

day of February A. D., 2008.

THERESA CHANG,
CLERK DISTRICT COURT,
HARRIS COUNTY, TEXAS·

BY:

Kellie Kitchens, DEPUTY CLERK

or P-3
(2)5

CAUSE NO. 2005-34601

| | | |
|---|---|---|
| MARCY BERKLEY DICKEY, | § | IN THE DISTRICT COURT OF |
| INDIVIDUALLY AND AS NEXT FRIEND | § | |
| OF DASHUN DICKEY AND KRISTIAN | § | |
| DICKEY | § | |
| | § | |
| V. | § | |
| | § | HARRIS COUNTY, TEXAS |
| METABOLIFE INTERNATIONAL, INC., | § | |
| ET AL | § | 113TH JUDICIAL DISTRICT |

FILED
Theresa Chang
District Clerk
JAN 04 2008
By _____ Harris County, Texas
Deputy

## ORDER

BE IT REMEMBERED that on this day came on to be heard Plaintiffs, MARCY

BERKLEY DICKEY, INDIVIDUALLY and AS NEXT FRIEND OF DASHUN DICKEY and

KRISTIAN DICKEY, and Defendant, ANUM ENTERPRISES, INC.'s Joint Motion to

Transfer. After considering the Motion, the Court is of the opinion that said Motion

is meritorious and should be in all good things granted. It is, therefore,

ORDERED that this case be transferred pursuant to the mandatory provisions

of 28 U.S.C. § 157(b)(5), to the United States District Court for the Southern

District of California. Further,

The Harris County District Clerk is ORDERED to assemble all pleadings and

papers filed herein, including a copy of this Order, and deliver them by United States

mail to:

04909.161/1064221                    Page 1 of 3

The Hon. Irma E. Gonzalez, Chief Judge
United States District Court
Southern District of California
Courtroom 1, Fourth Floor
880 Front Street
San Diego, California 92101-8900

Signed and Entered this _5th_ day of _Feb._, 2008.

_Patricia Hansel_
Judge Presiding

APPROVED:

HAYS, McCONN, RICE & PICKERING

BY: _____
      Bruce C. Gaible
      State Bar No.: 07567400
      Robin N. Blanchette
      State Bar No.: 24045509
      400 Two Allen Center
      1200 Smith Street
      Houston, Texas 77002
      713) 654-1111 Fax (713) 655-9212

ATTORNEY FOR DEFENDANT,
ANUM ENTERPRISES, INC.

CRUSE, SCOTT, HENDERSON
& ALLEN, L.L.P.

BY: _____
Stephen R. Bailey *(By Permission)
State Bar No.: 01536660
2777 Allen Parkway 7th Floor
Houston, TX 77019
(713)650-6600   Fax (713)650-1720

ATTORNEY FOR PLAINTIFFS

04909.161/1064221               Page 3 of 3

# 2005-34601

FILED:    05/23/2005

GENERAL ORDER OF THE COURT    113TH

DICKEY, MARCY BERKLEY (IND AND ANF O
HENDERSON, JAY H.
PLAINTIFFS

Attorney

VS.

METABOLIFE INTERNATIONAL INC
DEFENDANTS

Attorney

NATURE OF ACTION

DAMAGES (METABOLIFE 356)

SURETIES ON COST BOND:

CWCH019 Revised 10/23/00    CWCH

| Jury Fee Paid By: | | |
|---|---|---|
| LF100428 | | |
| CRUSE, SCOTT, HENDERSON | | |

**SETTINGS**

9/9/05 NON-SUIT AS PER DECREE

NON-SUIT AS PER DECREE

11/7/05 ORDER SIGNED OK

2/5/08 ORDER SIGNED

2/5/08 Transfer Jurisdiction

CAUSE NUMBER _____    GENERAL ORDER OF COURT _____    JUDICIAL DISTRICT

STATE OF TEXAS
COUNTY OF HARRIS

Theresa Chang, District Clerk of Harris County,
Texas do hereby certify that the foregoing is a
true and correct copy of the original record now
in my lawful custody and possession, as appears in
record

In my office and filed on  5-23-05

Witness my official hand and seal of Office, this
5-23-08

THERESA CHANG, DISTRICT CLERK
Harris County, Texas

By _____  Deputy

CIVCR109 Revised 10/23/00   CIVC19

Cause No. **2 0 0 5 - 3 4 6 0 1**

MARCY BERKLEY DICKEY, IND.
& ANF DASHUN DICKEY & KRITIAN DICKEY                §
                  Plaintiff                §

METABOLIFE INT'L, WAL MART STORES,                §
INC., MUSCLETECH RESEARCH DEVELOPMENT,§
INC. & RUSCHE PROPERTIES, LLC                §
                  Defendant                §

IN THE DISTRICT COURT OF

HARRIS   COUNTY, TEXAS

_____ JUDICIAL DISTRICT

## CIVIL CASE INFORMATION SHEET

        This form must be completed and filed with every original petition, and a copy attached to every original petition served. The information should be the best available at the time of filing, understanding that such information may change before trial. This information does not constitute a discovery request, response, or supplementation, and is not admissible at trial.

        Service must be obtained promptly. Notice is hereby given that, per Harris County Local Rule 3.6, any case in which no answer has been filed or default judgment signed FOUR (4) MONTHS from filing will be eligible for DISMISSAL FOR WANT OF PROSECUTION.

Type of action:     ☐ Commercial     ☒ Personal Injury     ☐ Death     ☐ Other ____

Check all claims pled:

| | | | |
|---|---|---|---|
| ☐ Account due | ☐ Defamation | ☒ Fraud | ☒ Products liability |
| ☐ Admiralty | ☐ Disbarment | ☐ Garnishment | ☐ Post judgment |
| ☐ Assault | ☐ Discrimination | ☐ Injunction/TRO | ☐ Railroad |
| ☐ Asbestosis | ☐ Dram shop | ☐ Insurance bad faith | ☐ Real estate |
| ☐ Auto | ☐ DTPA | ☐ Malicious prosecution | ☐ Securities fraud |
| ☐ Bill of review | ☐ Employment discharge | ☐ Malpractice/Legal | ☐ Sequestration |
| ☐ Conspiracy | ☐ Expunction | ☐ Malpractice/Medical | ☐ Silicone implant |
| ☐ Contract | ☐ False imprisonment | ☐ Name change | ☐ Tortious interference |
| ☐ Deed restriction | ☐ Foreclosure | ☐ Note | ☐ Trespass |
| ☐ Declaratory judgment | ☐ Forfeiture | ☐ Premises liability: | ☐ Workers compensation |
| | ☐ Other ____ | | |

Has this dispute previously been in the Harris County courts?   ☒ No   ☐ Yes, in the following court: ____

Monetary damages sought   ☐ less than $50,000   ☐ 50,001 - $100,000   ☐ greater than $100,000

Estimated time needed for discovery   ☐ 0-3 months   ☐ 4-6 months   ☐ 7-12 months   ☒ >1 year

Estimated time needed for trial:   ☐ 1-2days   ☐ 3-5 days   ☐ 6-10 days   ☐ > 10 days

Are you going to request Level 3 status?   ☒ Yes   ☐ No
If yes, please state your estimate for total hours of deposition per side: ____ and the number of interrogatories needed for each party to serve on any other party: ____

Name of party filing this cover sheet:   Plaintiffs

Signature of attorney or pro se filing cover sheet: ____
        Name printed: Matthew M. Prewett ____
        Phone No: 713-650-6600 ____   Bar No: 00788223

**FOR COURT USE ONLY:**

    Track assigned   ☐ Track 1   ☐ Track 2   ☐ Track 3

    Court Coordinator ____   Date: ____

FILED BACARISSE
CHARLES BACARISSE
DISTRICT CLERK
HARRIS COUNTY, TEXAS

05 MAY 23  PH 4: 40

BY ____ DEPUTY

CAUSE NO. 2 0 0 5 - 3 4 6 0 1

| | | |
|---|---|---|
| MARCY BERKLEY DICKEY, INDIVIDUALLY AND AS NEXT FRIEND OF DASHUN DICKEY, AND KRISTIAN DICKEY | § § § § § § | IN THE DISTRICT COURT OF |
| Plaintiffs | § § | |
| VS. | § § | HARRIS COUNTY, TEXAS |
| METABOLIFE INTERNATIONAL, INC., WAL-MART STORES, INC., MUSCLETECH RESEARCH DEVELOPMENT, INC., AND RUSCHE PROPERTIES I LLC | § § § § § § | |
| Defendants | § § | JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION
## AND REQUESTS FOR DISCLOSURES

COME NOW Plaintiffs MARCY BERKLEY DICKEY, INDIVIDUALLY AND AS NEXT FRIEND OF DASHUN DICKEY, AND KRISTIAN DICKEY, complaining of METABOLIFE INTERNATIONAL, INC., WAL-MART STORES, INC., MUSCLETECH RESEARCH AND DEVELOPMENT, INC., and RUSCHE PROPERTIES I LLC, Defendants, and for cause of action against the Defendants would show unto the Court as follows:

I.

1.      Plaintiffs assert that this lawsuit should fall under Level 3 discovery, as set out in Rule 190.4 of the Texas Rules of Civil Procedure.

II.

2.    Plaintiffs are resident citizens of Houston, Harris County, Texas, and reside at 1620 Enclave Parkway, #2901, Houston, Texas 77077. Plaintiffs were living in Texas at the time their causes of action accrued. Venue is proper in Harris County, Texas, because the Plaintiffs reside there and all or part of the causes of action alleged in this pleading occurred in Harris County, Texas.

3.    Defendant, Wal-Mart Stores, Inc., is a retail products corporation that marketed the products Metabolife 356 and Hydroxycut. Wal-mart Stores, Inc., at all times herein mentioned, was and is a corporation organized and existing under the laws of a state other than the state of Texas. It has done and is doing business in the state of Texas, and this lawsuit arose out of Defendant's business in this state. Defendant is duly authorized to do business in the state of Texas. Said Defendant may be served with process by delivering Petition and Citation to:

Corporation Service Company
800 Brazos Street
Austin, TX 78701

4.    Defendant, Metabolife International, Inc., manufactures and markets the product Metabolife 356. Metabolife International, Inc., at all times herein mentioned, was a corporation or other business entity organized and existing under the laws of the State of California. It has done and is doing business in the state of Texas, and this lawsuit arose out of Defendant's business in this state, but Defendant does not maintain a regular place of business in this state or a designated agent for service of process. Tex. Civ. Prac. & Rem Code §17.044 (b); Tex. Bus. Corp. Act art. 8.10(b); Tex. Rev. Civ. Stat. Ann. Art. 1396-8.09 (B). This Defendant may be served with process by

delivering Petition and Citation to the Secretary of State under Tex. Civ. Prac. & Rem. Code Sec. 17.044, and the Secretary of State, forwarding Petition and Citation to this Defendant's home office at:

Metabolife International, Inc.
5070 Santa Fe Street
San Diego, California 92109

5.    Defendant, MuscleTech Research and Development, Inc., manufactures and markets the product Hydroxycut.  MuscleTech Research and Development, Inc. was a corporation or other business entity organized and existing under the laws of Canada. It has done and is doing business in the state of Texas, and this lawsuit arose out of Defendant's business in this state, but Defendant does not maintain a regular place of business in this state or a designated agent for service of process. Tex. Civ. Prac. & Rem Code §17.044 (b); Tex. Bus. Corp. Act art. 8.10(b); Tex. Rev. Civ. Stat. Ann. Art. 1396-8.09 (B). This Defendant may be served with process by delivering Petition and Citation to the Secretary of State under Tex. Civ. Prac. & Rem. Code Sec. 17.044, and the Secretary of State, forwarding Petition and Citation to this Defendant's principal place of business as follows:

MuscleTech Research and Development, Inc.
7050 Telford Way, Unit 100
Mississauga, Ontario, Canada  L5S IV7

6.    Defendant, Rusche Properties I LLC, is a convenience store and gas station that marketed the products Metabolife 356 and Hydroxycut.  Rusche Properties I LLC, at all times herein mentioned, was and is an LLC organized and existing under the laws of the state of Texas.  It has done and is doing business in the state of Texas and this lawsuit arose out of Defendant's business in this state. Defendant is duly authorized

to do business in the state of Texas. Said Defendant may be served with process by delivering Petition and Citation to Defendant's registered agent for service:

E. V. Bonner, Jr.
2433 Baldwin Blvd.
Corpus Christi, TX 78408

### III.
### FACTUAL BACKGROUND

7.    This lawsuit has been made necessary by the conduct of the Defendants in connection with the design, manufacture, and marketing of various over-the-counter herbal concoctions, all of which possess a common denominator in that they contain "herbal" ephedrine or ephedrine alkaloids ("ephedrine"). These products are subject to the Dietary Supplement Health and Education Act of 1994, which limits the regulatory authority of the Federal Food and Drug Administration in verifying the safety and efficacy of ephedrine-containing dietary supplements. Thus, the dietary supplement industry is responsible for its own product design, safety and efficacy testing, marketing, and post-marketing safety surveillance.

8.    Defendants, as members of the dietary supplement industry, aggressively and deceptively market "natural" products that contain ephedrine and other potentially hazardous substances. Defendants, individually and collectively, have participated in schemes to convince American consumers that chronic health conditions, including obesity, can be successfully treated in the long-term by the use of dietary supplements that contain ephedrine. Likewise, Defendants have marketed their "natural" products as being a safe and effective means of providing energy, exercise endurance, and stamina to individuals who consume these products. Thus, Defendants have convinced

thousands of American consumers that the benefits of using these ephedrine-containing products outweigh their risks.

9.     Unfortunately, Defendants, individually and collectively, have failed in their responsibility to conduct adequate testing to fairly and reasonably establish the safety and efficacy of these ephedrine-containing products. Defendants' primary focus for testing has been short-term efficacy testing, and safety testing has largely been ignored. Defendants have designed these products so that they include alleged "natural" substances that have the propensity to cause harm to individuals who ingest these products. Further, Defendants have not conducted and do not conduct adequate post-marketing safety surveillance, which is an essential tool in the quest for determining the safety of products that are ingested by thousands of American consumers daily. In spite of numerous reports of serious side effects that are the likely result of using their products, including reports by the Food and Drug Administration, Defendants have failed to remedy the foregoing inadequacies and have continued to conduct business as usual, at the expense of the consuming public.

10.     Defendants have knowledge of the potential side effects that may be attributable to their products. There are numerous published, credible reports of serious injury or death associated with the use of ephedrine-containing products. Rather than taking action to reasonably test their products before marketing them, to design their products to eliminate or minimize risks to consumers, and to market these "natural" dietary supplements in a responsible fashion, Defendants have engaged in a pervasive lobbying and marketing effort to convince the public and government representatives that the benefits of these products outweigh their risks.

11.    The result of the foregoing acts of omission and commission is that Defendants have been enriched by millions of dollars through the sale of ephedrine-containing products that have not been adequately tested, properly designed, or monitored for safety and efficacy. Defendants have elevated their own profits above the health and well-being of the consumers who purchase their products. Further, when attempts have been made to implement reasonable regulatory changes to the dietary supplement industry, Defendants and others have lobbied against such changes since they know that meaningful scrutiny of their business practices would result in a loss of business profits. Hence, Defendants have acted irresponsibly and in disregard for the rights of the consumers who purchased their products.

12.    Scientific developments over the past several years have revealed that herbal ephedra-containing products, such as Metabolife 356 and Hydroxycut are associated with serious and sometimes lethal risks to individuals who ingest these products. The "naturally occurring" ephedrine that is found in Metabolife 356 and Hydroxycut has been found to cause increases in blood pressure, increases in heart rate, and can cause heart failure, seizures, strokes, brain injury, and sudden death. Defendants did not adequately test for these potential adverse effects before promoting Metabolife 356 and Hydroxycut for widespread use, but learned of these potential adverse effects before Metabolife 356 and Hydroxycut were taken by Plaintiff. Instead of pulling Metabolife 356 and Hydroxycut from the market, or warning potential consumers, including Plaintiff, of the potential health risks and threats, Defendants kept silent and allowed Plaintiff to take Metabolife 356 and Hydroxycut and to have a brain aneurysm.

13.    Plaintiff Marcy Berkley Dickey is a 31-year-old woman living in Harris County, Texas. Up until July 2003, she used ephedra-containing products manufactured, distributed and/or marketed by Defendants.

14.    In July 2003, Marcy Berkley Dickey suffered a subarachnoid hemorrhage due to a brain aneurysm for which she underwent emergency brain surgery. Marcy Berkley Dickey remained hospitalized from July 11, 2003, until July 22, 2003. Prior to July 2003, she had no knowledge that the ephedrine-containing products manufactured and marketed by Defendants had the propensity to cause serious and life-threatening health conditions. On the contrary, when she took Defendants' products, Mrs. Dickey believed that these products were safe and natural and would not cause injury to her. Marcy Berkley Dickey acted as a reasonable and prudent consumer in her use of these products, and she ingested these products in a manner consistent with the labeling and marketed instructions that accompanied these products. It was not until a time subsequent to her brain hemorrhage that she first knew of a potential causal relationship between her medical maladies and the ephedrine-containing products. Thus, she acted as a reasonable and prudent individual and consumer in investigating and pursuing her legal claims against these Defendants when she discovered that there was a causal relationship between Defendants' ephedrine-containing products and her illness.

15.    Prior to the time she took the ephedrine-containing products sold by Defendants, Marcy Berkley Dickey was a healthy woman. The medical and diagnostic testing and procedures conducted on Mrs. Dickey revealed no explanation for the brain aneurysm, other than the ephedrine-containing products manufactured and/or

distributed by Defendants. Further, the available scientific evidence reveals that products of this type have been associated with events of the nature suffered by Marcy Berkley Dickey. Thus, Plaintiffs allege that the ephedrine-containing products manufactured and marketed by Defendants were responsible, both individually and collectively, for the serious health condition and indivisible injuries from which Marcy Berkley Dickey suffers.

16.    Plaintiff Kristian Dickey is Plaintiff Marcy Berkley Dickey's husband. Plaintiff Kristian Dickey has suffered from pecuniary damages, loss of consortium, and other damages as a result of the injuries sustained by Plaintiff Marcy Berkley Dickey.

17.    Plaintiff Dashun Dickey is Plaintiff Marcy Berkley Dickey's son. Plaintiff Dashun Dickey has suffered from pecuniary damages, loss of consortium and other damages as a result of the injuries sustained by Plaintiff Marcy Berkley Dickey.

## IV.
## CAUSES OF ACTION:

## 1. STRICT PRODUCTS LIABILITY - DESIGN DEFECT

18.    Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth here and further allege as follows:

a.    Metabolife 356 and Hydroxycut are products designed, formulated, manufactured, marketed, distributed, promoted, advertised, packaged, sold and/or supplied by these Defendants that were placed into the stream of commerce by these Defendants in a condition that was defective and unreasonably dangerous as designed, taking into consideration the utility of these products and the risks involved in their use.

b.      Metabolife 356 and Hydroxycut were unsafe for their intended and/or reasonably foreseeable purposes and uses at the time they were distributed, sold or supplied by Defendants because the known side effects and adverse consequences outweighed the benefits of these products, if any. Those side effects and adverse consequences include precisely the injuries suffered by Plaintiff.

c.      Metabolife 356 and Hydroxycut were defective because, for example, it combined ephedra (ma huang) and caffeine (guarana). Defendants knew such a chemical/herbal concoction had the propensity to cause injury. Metabolife 356 and Hydroxycut left Defendants' hands in this defective condition, and Metabolife 356 and Hydroxycut reached Plaintiff in the same condition.

d.      The defective condition of Metabolife 356 and Hydroxycut were a producing cause of the injuries sustained by Plaintiff.

## 2. STRICT PRODUCTS LIABILITY - MARKETING DEFECT

19.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth here and further allege as follows:

a.      These products were defective at the time they were placed into the stream of commerce due to a marketing defect. In the absence of adequate warnings and instructions, Metabolife 356 and Hydroxycut posed unacceptable risks to Plaintiff that were unknown and unknowable to her.

b.    Metabolife 356 and Hydroxycut were defective in marketing due to inadequate, false, misleading and inaccurate precautions, warnings, instructions, and/or labeling.

c.    These products were not accompanied by timely, accurate, adequate, necessary, required truthful and proper warnings, precautions, instructions and labeling regarding permanent and irreversible injury associated with the use of these products and the complications, consequences, severity, duration and potential for fatal effects of such injuries.

d.    Instead, the detail pieces, package insert, instructions, or label accompanying the products minimized and trivialized and, in fact, misled consumers regarding adverse effects associated with these products; the potential frequency, severity, and irreversibility of the harm from use of these products, and the potentially fatal consequences of taking these products.

e.    Defendants failed to provide the FDA and various state agencies, including the Texas Department of Health, with all the necessary and available information on these products, their contents and reports of Adverse Events in consumers. Defendants purposefully withheld information necessary to determine the adequacy of the label and the safety and efficacy if these products.

f.    The Metabolife 356 and Hydroxycut labeling knowingly misrepresented the efficacy and benefits of Metabolife 356 and Hydroxycut to Plaintiff.

g.    The labeling rendered these products defective in that it failed to give adequate warnings and instructions in a manner and form (1) that could reasonably be expected to catch the attention of a reasonably prudent person in the circumstances that these products were used; (2) that were comprehensible to the average user; and (3) that conveyed a fair indication of the nature, frequency, severity and extent of the danger.

h.    There was not a timely, adequate, and accurate disclosure of adverse reactions in the label, even though Defendants knew or should have known of such adverse reactions. The failure to give adequate instructions and warnings in an adequate manner rendered these products dangerous to any extent beyond that which would be contemplated by the ordinary consumer.

i.    These products were defective because the foreseeable and known risks exceeded the benefits claimed, suggested or truly associated with the design and formulation.  Moreover, these products were more dangerous than an ordinary consumer would expect and far more dangerous than other means of weight control.

j.    There were numerous other reliable and effective methods of controlling weight that posed less risk.

### 3. BREACH OF WARRANTY

20.    Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth here and further allege as follows:

a.    Defendants expressly and impliedly warranted that Metabolife 356 and Hydroxycut were safe for their intended purpose.

b.    Defendants expressly and impliedly warranted that Metabolife 356 and Hydroxycut were all natural products.

c.    Defendants expressly and impliedly warranted that Metabolife 356 and Hydroxycut would provide energy.

d.    Defendants expressly and impliedly warranted that Metabolife 356 and Hydroxycut would enhance your diet.

e.    Defendants expressly and impliedly warranted that Metabolife 356 and Hydroxycut would increase your metabolism.

f.    Defendants expressly and impliedly warranted that Metabolife 356 and Hydroxycut had no side effects.

g.    Defendants expressly and impliedly warranted that Metabolife 356 and Hydroxycut would help consumers lose weight.

h.    Metabolife 356 and Hydroxycut did not conform to these representations. Instead, Metabolife 356 and Hydroxycut have high levels of serious side effects, including irreversible and life-threatening side effects, and this is what prompted the FDA to inquire and hold hearings on ephedra-containing products like Metabolife 356 and Hydroxycut.

i.    At the time Defendants marketed, sold and distributed Metabolife 356 and Hydroxycut for use by Plaintiff, these Defendants knew of the use for which these products were intended and expressly and impliedly

warranted these products to be of merchantable quality and safe and fit for such use.

j.    Plaintiff relied upon the skill and judgment of Defendants as to whether Metabolife 356 and Hydroxycut were of merchantable quality and safe and fit for their intended use.

k.    Contrary to such warranties, Metabolife 356 and Hydroxycut are not of merchantable quality or safe or fit for their intended use, because these products were and are unreasonably dangerous and unfit for the ordinary purposes for which they were used as described above.

l.    As a direct and proximate result of the breach of them, their express and implied warranties regarding the properties and qualities of Metabolife 356 and Hydroxycut, Plaintiff suffered personal injury.

## 4. MANUFACTURER/DISTRIBUTOR NEGLIGENCE

21.    Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth here and further allege as follows:

a.    Defendants have a duty to exercise reasonable care in the design, manufacture, sale or distribution of Metabolife 356 and Hydroxycut into the stream of commerce, including a duty to assure that Metabolife 356 and Hydroxycut did not cause users to suffer from unreasonable, dangerous side effects.  These Defendants have failed to exercise ordinary care in the manufacture, sale, testing, quality assurance, quality control . or distribution of Metabolife 356 and Hydroxycut into interstate commerce in that these Defendants knew or should have known that Metabolife 356

and Hydroxycut created a high risk of unreasonable, dangerous side effects, some of which are fatal.

b.    The Defendants were negligent in the design, manufacture, marketing, testing, and sale of Metabolife 356 and Hydroxycut in that they:

    i.    Failed to use due care in designing, manufacturing and marketing Metabolife 356 and Hydroxycut;

    ii.    Failed to conduct adequate testing and post-marketing surveillance to determine the safety of Metabolife 356 and Hydroxycut;

    iii.    Failed to provide adequate training to distributors for appropriate use of Metabolife 356 and Hydroxycut;

    iv.    Failed to adequately warn individuals of the potential dangerous side effects of Metabolife 356 and Hydroxycut;

    v.    In such other and further particulars as will be proven at trial.

c.    The Defendants were negligent in the distribution of Metabolife 356 and Hydroxycut in that they:

    i.    Failed to exercise ordinary care in the distribution of these products;

    ii.    Failed to obtain adequate information about the products prior to distributing it to consumers;

    iii.    Pleading in the alternative, failed to pass along instructions, warnings, adverse events associated with these products that were provided to them by the manufacturer.

d.    Despite the fact that Defendants knew or should have known that Metabolife 356 and Hydroxycut caused unreasonable, dangerous side effects which many users would be unable to remedy by any means, these Defendants continued to market Metabolife 356 and Hydroxycut to consumers, including Plaintiff, and all others similarly situated, when there were safer alternative methods of weight loss.

e.    Defendants' failure to adhere to the appropriate standard of care proximately caused the injuries to Plaintiff.

## 5. DECEPTIVE TRADE PRACTICES ACT VIOLATIONS

22.    Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth here and further alleges as follows:

a.    Plaintiff also seeks relief pursuant to TEX.BUS.COM.CODE. § 17.41, et seq., commonly known as the Deceptive Trade Practices and Consumer Protection Act (DTPA), and specifically § 17.46 and § 17.50.

b.    Marcy Berkley Dickey was a consumer of Metabolife 356 and Hydroxycut. Metabolife 356 and Hydroxycut are consumer goods.

c.    Defendants engaged in false, misleading, and deceptive acts in the distribution of Metabolife 356 and Hydroxycut in violation of TEX.BUS.COM.CODE. §17.46(5) [representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another].

1.    § 17.46(8) [disparaging the goods, services, or business of another by false or misleading representation of facts];

2.    § 17.46(22) [representing that work or services have been performed on goods when the work or services were not performed].

d.    Defendants are liable under the DTPA for breach of warranty as outlined in § 17.50.

e.    Defendants are liable under the DTPA for their unconscionable actions and course of actions. Defendants took advantage of the consumer, Plaintiff's lack of knowledge, ability, experience, or capacity to a grossly unfair degree in violation of § 17.45(5).

f.    Further, Defendants committed unconscionable acts when they represented that these products had characteristics and benefits that they did not.  Defendants failed to disclose information pertaining to these products that were known to Defendants at the time of the consumer transaction, and the failure to disclose the information was intended to induce Plaintiff to purchase and take these products when she would not have done so if the information had been disclosed.

g.    These violations of the Texas Deceptive Trade Practices Act were committed knowingly as they were committed with an actual awareness, at the time of the conduct, of the falsity, deception, or unfairness of the conduct in question or actual awareness of the conduct constituting a failure to comply with a warranty.

h.    These violations, each of them, are a producing cause of Plaintiff's injuries.

i.    Plaintiffs, therefore, seek all damages recoverable under the DTPA; specifically, Plaintiffs seek all damages including but not limited to economic damages, mental anguish associated with the violations; costs, attorneys fees, prejudgment interest, and additional and/or treble damages.

## 6. DECEIT AND FRAUD

23.    Plaintiffs incorporate herein by reference the allegations of the preceding paragraphs as if included herein.

24.    Defendants made material representations to the general public and to potential users of Metabolife 356 and Hydroxycut, such as Plaintiff, that Metabolife 356 and Hydroxycut were "natural" and that they were a "dietary supplement" and told consumers that these products were safe.

25.    Plaintiff Marcy Berkley Dickey reasonably relied upon such representations in deciding to use Metabolife 356 and Hydroxycut and, but for such representations of safety, she would not have used Metabolife 356 and Hydroxycut.

26.    At the time the representations were made, they were false and Defendants knew they were false.

27.    Defendants each also failed to disclose to Plaintiff that Metabolife 356 and Hydroxycut could cause serious health problems including brain aneurysms, brain hemorrhage and/or sudden death.

28.    These omissions were material and induced Plaintiff to use Metabolife 356 and Hydroxycut. If she had been told that Metabolife 356 and Hydroxycut could cause serious health problems, including brain aneurysms, brain hemorrhage and/or sudden

death, she would not have used these products.

29.    These omissions by each and every Defendant were material and intentional and they had the desired effect of inducing the continued use of the products by Plaintiff and millions of others.

### 7. COMPENSATORY DAMAGES

30.    As a direct and proximate result of the negligence of each of the Defendants, Plaintiffs have sustained significant damages for which compensation is sought. First, as to Marcy Berkley Dickey, at the time of her brain hemorrhage, she was in excellent health, with a reasonable life expectancy. Marcy Berkley Dickey was a wage earner and provided financial support for her family. Prior to the time she took the Defendants' products, Mrs. Dickey was an industrious and energetic wife and mother. She performed numerous and usual tasks in and about her family residence and gave advice, counsel, comfort and care to her husband, son and family. Plaintiff Marcy Berkley Dickey has suffered actual damages as a result of the conduct and products attributable to the Defendants. Plaintiff Marcy Berkley Dickey is entitled to recover both direct/general damages and consequential/special damages that naturally and necessarily flow from the tortious conduct and products of the Defendants as would normally compensate for the loss, damage, and injury that is presumed to have been foreseen or contemplated by the Defendants as a consequence of the Defendants' behavior and products. Thus, Plaintiffs seek recovery for all damages available under Texas law, including intangible damages for pain, anguish, loss of consortium, and such other damages as may be proved at the time of trial.

H:\DATA\FIRM\MMP\338700.DOC                    18

31.    As a result of the illness from which Marcy Berkley Dickey suffers, Plaintiff Kristian Dickey has suffered pecuniary damages including losses of care, maintenance, support, services, advice, counsel and contributions of a pecuniary value that he would, in reasonable probability, have received from his wife were it not for her medical condition.  In addition, he has suffered loss of consortium and damage to the husband-wife relationship, including loss of affection, solace, comfort, companionship, society, assistance, sexual relations, emotional support, love and felicity necessary to a successful marriage.  He has suffered mental anguish, grief, and sorrow as a result of the illness from which his wife suffers and is likely to continue to suffer for a long time in the future.  For these losses, Plaintiff Kristian Dickey requests that the Judge and Jury award him fair compensation for his injuries and losses in an amount to be determined by the jury at the trial of this lawsuit.

32.    As a result of the illness from which Marcy Berkley Dickey suffers, Plaintiff Dashun Dickey has suffered pecuniary damages including losses of care, maintenance, support, services, advice, counsel and contributions of a pecuniary value that he would, in reasonable probability, have received from his mother were it not for her medical condition.  In addition, he has suffered loss of consortium and damage to the mother-son relationship, including loss of affection, solace, comfort, companionship, society, assistance, emotional support, love and felicity necessary to a beneficial mother-son relationship.  He has suffered mental anguish, grief, and sorrow as a result of the illness from which his mother suffers and is likely to continue to suffer for a long time in the future.  For these losses, Plaintiff Dushun Dickey requests that the Judge and Jury

award him fair compensation for his injuries and losses in an amount to be determined by the jury at the trial of this lawsuit.

33.    As a result of the brain hemorrhage suffered by Marcy Berkley Dickey, Plaintiffs request that the Judge and Jury award them fair compensation for their injuries and losses in an amount to be determined by the jury at the trial of this lawsuit.

34.    The Plaintiffs believe that fair compensation for their injuries would be in excess of the jurisdictional limits of the court.

## 8. EXEMPLARY AND ADDITIONAL DAMAGES

35.    The acts, omissions, breaches of warranty, or distribution/marketing of defective products, as set forth above, were committed by Defendants with a mental state constituting malice as that term is defined in TEX.CIV.PRAC.CODE. § 41.001. Such gross negligence and malice was authorized by such Defendants; ratified by such Defendants; committed by a managerial agent of such Defendants; committed by an unfit employee of such Defendants whom such Defendants were reckless in employing; and/or were committed in the performance of a non-delegable duty owed by such Defendants. Such malice warrants the imposition of exemplary damages and was a proximate and producing cause of injury to Plaintiffs.

36.    Plaintiffs seek exemplary damages in such an amount as may be found to be proper under the facts and circumstances.

37.    Plaintiffs also seek additional damages suffered as a result of Defendants' conduct in violation of the Texas Deceptive Trade Practices Act that was committed knowingly.

## 9. CONDITIONS PRECEDENT, CAUSATION, REQUEST FOR JURY, AND REQUESTS FOR DISCLOSURES

38.    All conditions precedent to the filing of this lawsuit have been performed or have occurred.

39.    Each of the aforementioned acts, omissions, breaches of warranty, and/or defective products of Defendants was a proximate and/or producing cause of injury to Plaintiffs.

40.    Plaintiffs hereby request that this lawsuit be tried to a jury of Plaintiffs' peers as permitted by the Constitution and laws of the state of Texas.  The appropriate jury fee is being tendered herewith to the appropriate authorities.

41.    Under the authority of Texas Rule of Civil Procedure 194.3, Plaintiffs request the Defendants disclose, within 50 days of the service of this Petition and request, the information or material described in the referenced rule.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray for judgment against all Defendants for compensatory damages with costs and interest, both pre-judgment and post-judgment; and against Defendants for exemplary damages.  Plaintiffs also pray for such other and further relief as they may show themselves entitled.

Respectfully submitted,

CRUSE, SCOTT, HENDERSON & ALLEN, L.L.P.

By:    _Jay H. Henderson_

Jay H. Henderson, SBN 09424050
Stephen R. Bailey, SBN 01536660
Matthew M. Prewett, SBN 00788223
2777 Allen Parkway, 7th Floor
Houston, Texas 77019
713-650-6600 (Telephone)
713-650-1720 (Telecopier)

Mr. David P. Willis
State Bar No. 21643500
Willis Law Firm
1221 McKinney, Suite 3333
Houston, Texas 77010
(713) 654-4040 (Telephone)
(713) 654-4050 (Telecopier)

ATTORNEYS FOR PLAINTIFFS,
MARCY BERKLEY DICKEY, INDIVIDUALLY
AND AS NEXT FRIEND OF DASHUN
DICKEY, AND KRISTIAN DICKEY

*Of Counsel:*

Edward F. Blizzard, #02495000
J. Scott Nabers, #14769250
Blizzard, McCarthy & Nabers, L.L.P.
440 Louisiana Street, Suite 1710
Houston, Texas 77002
(713) 844-3750 (Telephone)
(713) 844-3755 (Telecopier)


Kenneth T. Fibich, #06952600
Russell S. Briggs, #02987720
Fibich, Hampton, Leebron & Garth, L.L.P.
Two Houston Center
909 Fannin Street, Suite 800
Houston, Texas 77010
(713) 751-0025 (Telephone)
(713) 751-0030 (Telecopier)


F. Kenneth Bailey, Jr., #24006782
Robert A. Schwartz, #17869670
Williams Bailey Law Firm, L.L.P.
8441 Gulf Freeway, Suite 600
Houston, Texas 77017
(713) 230-2200 (Telephone)
(713) 643-6226 (Telecopier)

# CRUSE, SCOTT, HENDERSON & ALLEN, L.L.P.

ATTORNEYS AT LAW
2777 ALLEN PARKWAY
7TH FLOOR
HOUSTON, TEXAS 77019-2133
(713) 650-6600
FAX (713) 650-1720
www.crusescott.com

MATTHEW M. PREWETT
PARTNER



May 23, 2005

**BY HAND DELIVERY**

Mr. Charles Bacarisse
Harris County District Clerk
Harris County Civil Courts Building
301 Fannin, Room 101
Houston, Texas 77002

## 2005-34601

Re:   Cause No. _____; *Marcy Berkley Dickey, Individually and As Next Friend of Dashun Dickey, and Kristian Dickey vs. Metabolife International, Inc., Wal-Mart Stores, Inc., Muscletech Research Development, Inc., and Rusche Properties I LLC; in the _____ Judicial District Court of Harris County, Texas*

Dear Mr. Bacarisse:

Enclosed for filing with the Court are the original and eight copies of **Plaintiffs' Original Petition and Requests for Disclosures**, the **Civil Case Information Sheet**, and the **Civil Process Request** form in the above-referenced matter. Also enclosed is our **firm check** in the amount of $230.00 covering the filing fee for the petition, the issuance of four out-of-county citations, and the cost of the jury fee. In your usual manner, please notify me of the date and time of filing.

Additionally, please issue citations for two out-of-county Defendants and two for service upon the Secretary of State of Texas, as indicated on the enclosed Civil Process Request form, and return the citations to my office for service.

Thank you in advance for your assistance.

Very truly yours,

Matthew M. Prewett

MMP:jc
Enclosures

H:\DATA\mbd001\70149\351539.DOC

CAUSE NO. 200534601

RECEIPT NO. 233019
05-23-2005                                           0.00        MTA
                                                          TR # 71920862
PLAINTIFF: DICKEY, MARCY BERKLEY (IND AND ANF OF DASHUN DICKE     In The  113th
   vs.                                                           Judicial District Court
DEFENDANT: METABOLIFE INTERNATIONAL INC                          of Harris County, Texas
                                                                 113TH DISTRICT COURT
                                                                 Houston, TX
                                        CITATION

THE STATE OF TEXAS
County of Harris

TO: RUSCHE PROPERTIES I LLC BY SERVING ITS REGISTERED AGENT E V BONNER JR
    2433 BALDWIN BLVD  CORPUS CHRISTI TX 78408

    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

This instrument was filed on the 23rd day of May, 2005, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 25th day of May, 2005, under my hand and
seal of said Court.

Issued at request of:                    CHARLES BACARISSE, District Clerk
HENDERSON, JAY H.                        Harris County, Texas
2777 ALLEN PKWY 7 FL                     301 Fannin
HOUSTON, TX 77019                        (P.O. Box 4651  Houston, Texas 77002
Tel: (713) 650-6600                                      Houston, Texas 77210)
Bar No.: 9424050
                                         BY
                                           Deputy BRANTLEY, FURSHILLA) U1K/Q8K/7209895

                    OFFICER/AUTHORIZED PERSON RETURN

Came to hand at 9:30 o'clock A .M., on the 8th day of June , 2005.

Executed at (address) 4433 Baldwin, Corpus Christi                    in

Nueces County at 1:59 o'clock P .M., on the 16th day of June

2005, by delivering to Sam L. Susser Pres. of Rusche Properties I, LLC
true copy of this Citation together with the accompanying    1    defendant, in person, a
                                                                  copy(ies) of the
attached thereto and I endorsed on said copy of the Citation the date of delivery. Petition
To certify which I affix my hand officially this 16th day of June , 2005.

Fee: $_____

Kelli Owens
         Affiant                                      of Nueces County, Texas

                                              by Kelli Owens

On this day, Kelli Owens , known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this 16th day of June , 2005.

                                              Judy Smyth
                                                 Notary Public

N.INT.CITR.P

Judy Smyth
Notary Public, State of Texas
My Commission Expires
May 03, 2007

# AFFIDAVIT

**STATE OF TEXAS** §

**COUNTY OF NUECES** §

I, the undersigned, make the following representations to the Judge of said court, to induce him to enter an order authorizing me to serve citations and/or notices issued from his court pursuant to Rule 103, Texas Rules of Civil Procedure. I have personal knowledge of the facts and statement contained in this affidavit and each are true and correct.

1. I am not less than 18 years of age.

2. I am an individual residing in the State of Texas.

3. I will neither request the authority to nor will I serve any process in any case in which I am a party or have an interest in the outcome of the case.

4. I have never been convicted of a felony or misdemeanor involving moral turpitude in any state or federal jurisdiction.

5. I have studied and am familiar with the Texas Rules of Civil Procedure, Vernon's Texas Civil Statutes, and Civil Remedies Code and all other applicable rules and statutes relating to service of citations and notices.

KELLI OWENS

SIGNED TO AND SUBSCRIBED BEFORE ME, the undersigned Notary Public on this the 16th day of June, 2005.

Notary Public

JUDY SMYTH
Notary Public, State of Texas
My Commission Expires
May 03, 2007

# AFFIDAVIT OF SERVICE

Came to hand on the **8th** day of **June** , 2005, at **11:30** o'clock **am.**
Cause No. **200534601**

Executed at **1019 Brazos Street, Suite 220** **Austin, Texas 78701**
within the County of **Travis** at **10:29** o'clock **am** on the **9th** day
of **June** , 2005, by delivering to the within named:

**METABOLIFE INTERNATIONAL INC.,**
by delivering to the Texas Secretary of State, by delivering to his designated
agent, **HELEN LUPERCIO**, in person, true duplicate copies of this Citation,
Plaintiff's Original Petition, and Request for Disclosure, having first
endorsed upon both copies of the citations the date of delivery and
tendering the sum of $50.00 to the Secretary of State.

I am not a party to or interested in the outcome of the suit referenced above.
I am authorized by written order to serve citation and other notices. I am not
less than eighteen (18) years of age.

Service Fee $

| | |
|---|---|
| MARCY BERKLEY DICKEY, INDIVIDUALLY AND AS NEXT FRIEND OF DASHUN DICKEY, AND KRISTIAN DICKEY            Plaintiff<br><br>V.<br>METABOLIFE INTERNATIONAL, INC., WAL-MART STORES, INC., MUSCLETECH RESEARCH DEVELOPMENT, INC., AND RUSCHE PROPERTIES I LLC,Defendant | By: _____<br>**Scott L. Thomas   ID# 2001184**<br>(Authorized Person)<br><br>**THOMAS PROCESS**<br>809 Rio Grande Street<br>Suite 103<br>Austin, Texas  78701<br>(512) 320-8330 |

## VERIFICATION

STATE OF TEXAS        §
COUNTY OF TRAVIS      §

BEFORE ME, A NOTARY PUBLIC, on this day personally appeared
**Scott L. Thomas** , known to me to be the person whose name
is subscribed to the foregoing document and, being by me first duly sworn,
declared that the statements therein contained are true and correct.
Given under my hand and seal of office this 9th day of
June , A.D., 2005.

_____
NOTARY PUBLIC, STATE OF TEXAS

ROSEMARIE A. LEGASSIE
Notary Public
STATE OF TEXAS
My Comm. Exp. 03-01-08

26964/2005004687

CAUSE NO. 200534601

RECEIPT  NO. 233019                    0.00         MTA
            05-23-2005                          TR # 71920857

PLAINTIFF: DICKEY, MARCY BERKLEY (IND AND ANF OF DASHUN DICKE        In The  113th
    vs.                                                             Judicial District Court
DEFENDANT: METABOLIFE INTERNATIONAL INC                             of Harris County, Texas
                                                                    113TH DISTRICT COURT
                                                                    Houston, TX

                    CITATION (SECRETARY OF STATE FOREIGN CORPORATION)

THE STATE OF TEXAS
County of Harris


TO: METABOLIFE INTERNATIONAL INC (CORPORATION) BY SERVING THE SECRETARY
    OF STATE OF TEXAS CITATIONS UNIT P O BOX 12079 AUSTIN TEXAS 78711-2079
    FORWARD TO
    5070 SANTA FE STREET  SAN DIEGO CA 92109 .


    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLO

This instrument was filed on the 23rd day of May, 2005, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED,  You may employ an attorney.  If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 25th day of May, 2005, under my hand and
seal of said Court.

Issued at request of:                    CHARLES BACARISSE, District Clerk
HENDERSON, JAY H.                        Harris County, Texas
2777 ALLEN PKWY 7 FL                     301 Fannin     Houston, Texas 77002
HOUSTON, TX 77019                        (P.O. Box 4651  Houston, Texas 77210)
Tel: (713) 650-6600
Bar No.: 9424050                         BY
                                         Deputy BRANTLEY, FURSHILLA  U1K/Q8K/7209895

                    OFFICER/AUTHORIZED PERSON RETURN

Came to hand at 11 30 o'clock A .M., on the 8th day of June .2005.

Executed at. (address) _____ in

_____ County at _____ o'clock ____.M., on the ____ day of _____,

_____, by delivering to _____ defendant, in person, a
true copy of this Citation together with the accompanying _____   copy(ies) of the
                                                                      Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

Fee: $_____                           _____

                                         _____ of _____ County, Texas

_____           By _____
          Affiant                                      Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared . After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                                         _____
                                                   Notary Public

N.INT.SECC.P

# AFFIDAVIT OF SERVICE

Came to hand on the **8th** day of **June** , 2005, at **11:30 o'clock** am.
Cause No. **200534601**

Executed at **1019 Brazos Street, Suite 220** **Austin, Texas** 78701
within the County of **Travis** at 10:29 o'clock am on the **9th** day
of **June** , 2005, by delivering to the within named:

**MUSCLETECH RESEARCH AND DEVELOPMENT INC.,**
**by delivering to the Texas Secretary of State, by delivery to his designated**
**agent, HELEN LUPERCIO, in person, true duplicate copies of this Citation,**
**Plaintiff's Original Petition, and Request for Disclosure, having first**
**endorsed upon both copies of the citations the date of delivery, and tendering**
**the sum of $50.00 to the Secretary of State.**

I am not a party to or interested in the outcome of the suit referenced above.
I am authorized by written order to serve citation and other notices. I am not
less than eighteen (18) years of age.

Service Fee $

| | |
|---|---|
| MARCY BERKLEY DICKEY,<br>INDIVIDUALLY AND AS NEXT FRIEND<br>OF DASHUN DICKEY, AND KRISTIAN<br>DICKEY                Plaintiff<br><br>V.<br>METABOLIFE INTERNATIONAL, INC.,<br>WAL-MART STORES, INC., MUSCLETECH<br>RESEARCH DEVELOPMENT INC., AND<br>RUSCHE PROPERTIES I LLC,Defendant | By:<br>**Scott L. Thomas  ID# 2001184**<br>(Authorized Person)<br><br>**THOMAS PROCESS**<br>809 Rio Grande St.<br>Suite 103<br>Austin, Texas 78701<br>(512) 320-8355 |

## VERIFICATION

STATE OF TEXAS          §
COUNTY OF TRAVIS         §

BEFORE ME, A NOTARY PUBLIC, on this day personally appeared
**Scott L. Thomas** , known to me to be the person whose name
is subscribed to the foregoing document and, being by me first duly sworn,
declared that the statements therein contained are true and correct.
Given under my hand and seal of office this 9th day of
June , A.D., 2005.

NOTARY PUBLIC, STATE OF TEXAS

ROSEMARIE A. LEGASSIE
Notary Public
STATE OF TEXAS
My Comm. Exp. 03-01-08

26965/2005004684

CAUSE NO. 200534601

RECEIPT NO. 233019
05-23-2005                        0.00        MTA
                                  TR # 71920859

PLAINTIFF: DICKEY, MARCY BERKLEY (IND AND ANF OF DASHUN DICKE    In The 113th
       vs.                                                       Judicial District Court
DEFENDANT: METABOLIFE INTERNATIONAL INC                          of Harris County, Texas
                                                                 113TH DISTRICT COURT
                                                                 Houston, TX .

CITATION (SECRETARY OF STATE FOREIGN CORPORATION)

THE STATE OF TEXAS
County of Harris

TO: MUSCLETECH RESEARCH AND DEVELOPMENT INC (CORPORATION) BY SERVING THE
    SECRETARY OF STATE OF TEXAS CITATIONS UNIT P O BOX 12079 AUSTIN TEXAS
    2079 FORWARD TO
    7050 TELFORD WAY UNIT 100 MISSISSAUGA ONTARIO CANADA L5S IV7

FILED
CHARLES BACARISSE
DISTRICT CLERK
HARRIS COUNTY, TEXAS
05 JUN 15 PM 2:00

BY

        Attached is a copy of PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

This instrument was filed on the 23rd day of May, 2005, in the above cited cause number
and court. The instrument attached describes the claim against you.

        YOU HAVE BEEN SUED,  You may employ an attorney.  If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
        This citation was issued on 25th day of May, 2005, under my hand and
seal of said Court.

Issued at request of:                    CHARLES BACARISSE, District Clerk
HENDERSON, JAY H.           (Seal)       Harris County, Texas
2777 ALLEN PKWY 7 FL                     301 Fannin        Houston, Texas 77002
HOUSTON, TX 77019                        (P.O. Box 4651 Houston, Texas 77210)
Tel: (713) 650-6600
Bar No.: 9424050                         BY
                                         Deputy BRANTLEY, FURSHILLA  U1K/Q8K/7209895

DISTRICT COURT OF HARRIS COUNTY TEXAS

AFFIDAVIT ATTACHED

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at 11:30 o'clock A.M., on the 8th day of June 2015.

Executed at (address) _____ in

_____ County at _____ o'clock _____.M., on the ____ day of _____,

_____, by delivering to _____ defendant, in person, a
true copy of this Citation together with the accompanying _____ copy(ies) of the
                                                                              Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, ____

Fee: $_____          _____

                        _____ of _____ County, Texas


_____          By _____
        Affiant                                  Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared . After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, ____

                                    _____
                                            Notary Public

N.INT.SECC.P

# AFFIDAVIT OF SERVICE

Came to hand on the 8th day of June , 2005, at 11:30 o'clock am.
Cause No. 200534601

Executed at        701 Brazos Street, Suite 1050        Austin, Texas  78701
within the County of        Travis    at 10:15 o'clock  am on the 9th   day
of June    , 2005, by delivering to the within named:

WAL-MART STORES, INC.
by delivering to its Registered Agent, CORPORATION SERVICE COMPANY,
by delivering to its designated agent, CONNIE HARRIS, in person, a true copy
of this Citation, together with Plaintiff's Original Petition attached, and
Request for Disclosure, having first endorsed upon such copy of the citation
the date of delivery.

I am not a party to or interested in the outcome of the suit referenced above.
I am authorized by written order to serve citation and other notices. I am not
less than eighteen (18) years of age.

Service Fee $

| | |
|---|---|
| MARCY BERKLEY DICKEY,<br>INDIVIDUALLY AND AS NEXT FRIEND<br>OF DASHUN DICKEY, AND KRISTIAN<br>DICKEY                 Plaintiff<br><br>V.<br>METABOLIFE INTERNATIONAL, INC.,<br>WAL-MART STORES, INC., MUSCLETECH<br>RESEARCH DEVELOPMENT, INC., AND<br>RUSCHE PROPERTIES I LLC,Defendant | By: _____<br>     Scott L. Thomas  ID# 2003184<br>     (Authorized Person)<br><br>     THOMAS PROCESS Serve<br>     809 Rio Grande Street<br>         Suite 103<br>     Austin, Texas  78701<br>       (512) 320-8330 |

## VERIFICATION

STATE OF TEXAS        §
COUNTY OF TRAVIS      §

        BEFORE ME, A NOTARY PUBLIC, on this day  personally   appeared
Scott L. Thomas              , known to me to be the person whose name
is subscribed to the foregoing document and, being by me first duly sworn,
declared that the statements therein contained are true and correct.
        Given under my hand and seal of office this 9th  day of
June    , A.D., 2005.

_____
NOTARY PUBLIC, STATE OF TEXAS

ROSEMARIE A. LEGASSIE
Notary Public
STATE OF TEXAS
My Comm. Exp. 03-01-08

26963/2005004685

RECEIPT NUMBER 233019          0.00
TRACKING NUMBER 71920852       MTA

CAUSE NUMBER  200534601

| PLAINTIFF: DICKEY, MARCY BERKLEY (IND AND ANF OF DASHUN DICKE | In The 113th |
| vs. | Judicial District Court of |
| DEFENDANT: METABOLIFE INTERNATIONAL INC | Harris County, Texas |

### CITATION CORPORATE

THE STATE OF TEXAS
County of Harris

TO: WAL-MART STORES INC (CORPORATION) BY SERVING CORPORATION SERVICE
COMPANY

800 BRAZOS STREET  AUSTIN TX 78701

Attached is a copy of  PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

FILED
CHARLES BACARISSE
DISTRICT CLERK
HARRIS COUNTY, TEXAS
05 JUN 15 PM 2:00

This instrument was filed on the ___23rd___ day of ___May___, 20 _05_ in the
above cited cause number and court. The instrument attached describes the claim against you.

 YOU HAVE BEEN SUED; you may employ an attorney. If you or your attorney do not file a written answer with the
District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were
served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:

 This Citation was issued under my hand and seal of said Court, at Houston, Texas, this ___25th___ day of
_____May_____, 20 _05_.

SEAL

Issued at request of:
HENDERSON, JAY H.
2777 ALLEN PKWY 7 FL
HOUSTON, TX 77019
Tel: (713) 650-6600
Bar Number: 9424050

CHARLES BACARISSE, District Clerk
Harris County, Texas
301 Fannin, Houston, Texas 77002
P.O. Box 4651, Houston, Texas 77210

By: _____
Deputy District Clerk BRANTLEY, FURSHILLA

### OFFICER/AUTHORIZED PERSON RETURN

I received this citation on the ___8___ day of ___June___, 20_05_, at _11 30_ o'clock _A_.M.; endorsed
the date of delivery thereon, and executed it at _____, _____,
                                                        (street address)              (city)
in _____ County, Texas on the _____ day of _____, 20___, at _____ o'clock ___. M.,
by delivering to _____, by delivering to its
                        (the defendant corporation named in citation)
_____, in person, whose name is _____,
(registered agent, president, or vice-president)
a true copy of this citation, with a copy of the _____ Petition attached,
                                                (description of petition, e.g., "Plaintiffs Original"
and with accompanying copies of _____
                                        (additional documents, if any, delivered with the petition)
I certify that the facts stated in this return are true by my signature below on the _____ day of _____, 20___.

FEE: $ _____          By: _____
                                        (signature of officer)
                       Printed Name: _____

                       As Deputy for: _____
Affiant Other Than Officer                 (printed name & title of sheriff or constable)

On this day, _____, known to me to be the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was
executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, 20 _____.

_____
Notary Public

N.INT.CITC.P                                                    (Revised 09/11/03)

RECEIPT NUMBER 236577          0.00
TRACKING NUMBER 71935987          CIV

CAUSE NUMBER  200534601

PLAINTIFF: DICKEY, MARCY BERKLEY (IND AND ANF OF DASHUN DICKE         In The  113th
vs.                                                                   Judicial District Court of
DEFENDANT: METABOLIFE INTERNATIONAL INC                               Harris County, Texas

CITATION CORPORATE

THE STATE OF TEXAS
County of Harris

FILED
CHARLES BACARISSE
DISTRICT CLERK
HARRIS COUNTY, TX
05 AUG -8  AM 8
BY_____

TO: WAL-MART STORES INC (CORPORATION) BY SERVING CT CORPORATION SYSTEM

350 NORTH ST PAUL DALLAS TX 75201

Attached is a copy of  PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

This instrument was filed on the ___23rd___ day of ___May___ , 20 _05_ , in the
above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED**; you may employ an attorney. If you or your attorney do not file a written answer with the
District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were
served this citation and petition, a default judgment may be taken against you.

**TO OFFICER SERVING:**

This Citation was issued under my hand and seal of said Court, at Houston, Texas, this __29th__ day of
_____June_____ , 20 _05_

SEAL

Issued at request of:
PREWETT, MATTHEW MILES
2777 ALLEN PKWY 7 FL
HOUSTON, TX 77019
Tel: (713) 650-6600
Bar Number: 788223

[seal: DISTRICT COURT OF HARRIS COUNTY TEXAS]

CHARLES BACARISSE, District Clerk
Harris County, Texas
301 Fannin, Houston, Texas 77002
P.O. Box 4651, Houston, Texas 77210

By: _____
Deputy District Clerk BRANTLEY, PURSHILLA

**OFFICER/AUTHORIZED PERSON RETURN**

I received this citation on the __7th__ day of __July__ , 2005, at _12:30_ o'clock _P_.M., endorsed
the date of delivery thereon, and executed it at _350 North St. Paul ste. 2900, Dallas_.
                                                              (street address)                (city)
in _Dallas_ County, Texas on the _7th_ day of __July__ , 2005, at _2:30_ o'clock _P_. M.,
by delivering to _Wal-Mart Stores Inc._ , by delivering to its
                  (the defendant corporation named in citation)
_Reg Agent_ , in person, whose name is _C.T. Corporation System_
(registered agent) president, or vice-president)
a true copy of this citation, with a copy of the _Plaintiff's Original Petition_ Petition attached,
                                                   (description of petition, e.g., "Plaintiffs Original"
and with accompanying copies of _Request For Disclosure_
                                  (additional documents, if any, delivered with the petition)
I certify that the facts stated in this return are true by my signature below on the _7TH_ day of __July__ , 2005.
FEE: $ _____
                    9001652                By: _Duke Roberts_
                                                (signature of officer)
                                           Printed Name: _Duke Roberts_
_Duke Roberts_
Affiant Other Than Officer                 As Deputy for: _____
                                                          (printed name & title of sheriff or constable)

On this day, _Duke Roberts_ , known to me to be the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was
executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _7_ day of __July__ , 20 _05_
                                                    _Virginia L. King_
                                                    Notary Public

N.INT.CITC.P

[seal]  VIRGINIA L. KING
        Notary Public, State of Texas
        My Commission Expires
        October 04, 2005                        (Revised 09/11/03)

5721.1

# CIVIL PROCESS REQUEST

ASSESSED
ENTERED

FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

CASE NUMBER: 2005-34601          CURRENT COURT: 113th

TYPE OF INSTRUMENT TO BE SERVED (See Reverse For Types): Original Petition & Request for Disclosure

FILE DATE OF MOTION: 5/23/05
                                    Month/     Day/     Year

SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):

1. NAME: Wal-Mart Stores Inc.

   ADDRESS: ~~Corporation Center~~ 350 North St. Paul, Dallas, TX 75201

   AGENT, (if applicable): CT Corporation System

TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): Citation

   SERVICE BY (check one):
   ☐ ATTORNEY PICK-UP                    ☐ CONSTABLE
   ☐ CIVIL PROCESS SERVER - Authorized Person to Pick-up:          Phone: _____
   ☐ MAIL                               ☐ CERTIFIED MAIL
   ☐ PUBLICATION:
        Type of Publication:  ☐ COURTHOUSE DOOR, or
                              ☐ NEWSPAPER OF YOUR CHOICE:
   ☑ OTHER, explain please return citation to Mach & ~~Personal~~ to be returned to our office.

*****************************************************************

****

2. NAME: _____

   ADDRESS: _____

   AGENT, (if applicable): _____

TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): _____

   SERVICE BY (check one):
   ☐ ATTORNEY PICK-UP                    ☐ CONSTABLE
   ☐ CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____  Phone: ____
   ☐ MAIL                               ☐ CERTIFIED MAIL
   ☐ PUBLICATION:
        Type of Publication:  ☐ COURTHOUSE DOOR, or
                              ☐ NEWSPAPER OF YOUR CHOICE: _____
   ☐ OTHER, explain _____

_____

ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:

NAME: Matthew M. Prewett          TEXAS BAR NO./ID NO. 00788223

MAILING ADDRESS: 2777 Allen Parkway, 7th Floor

PHONE NUMBER: 713  650-6600          FAX NUMBER: 713  650-1720
              area code  phone number          area code  fax number

EMAIL ADDRESS: mprewett@crusescott.com

CIVC108 Revised 9/2/00

5701:2

RECEIPT NUMBER 237275     0.00
TRACKING NUMBER 71937102    CIV

### CAUSE NUMBER 200534601

**PLAINTIFF:** DICKEY, MARCY BERKLEY (IND AND ANF OF DASHUN DICKE
vs.
**DEFENDANT:** METABOLIFE INTERNATIONAL INC

In The 113th
Judicial District Court of
Harris County, Texas

### CITATION CORPORATE

**THE STATE OF TEXAS**
**County of Harris**

FILED
CHARLES BACARISSE
DISTRICT CLERK
HARRIS COUNTY, TEXAS
05 AUG -8 AM 8:55
BY:

TO: ANUM ENTERPRISES INC (CORPORATION) BY SERVING ITS REGISTERED AGENT
AFTAB AZIZ

13575 ALIEF CLODINE  HOUSTON TX 77082

Attached is a copy of  **FIRST AMENDED ORIGINAL PETITION AND REQUEST FOR DISCLOSURE**

This instrument was filed on the ___1st___ day of ___July___, 20 _05_, in the
above cited cause number and court. The instrument attached describes the claim against you.

    **YOU HAVE BEEN SUED;** you may employ an attorney. If you or your attorney do not file a written answer with the
District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were
served this citation and petition, a default judgment may be taken against you.

**TO OFFICER SERVING:**

    **This Citation was issued under my hand** and seal of said Court, at Houston, Texas, this _5th_ day of
___July___, 20 _05_.

SEAL

Issued at request of:
HENDERSON, JAY H.
2777 ALLEN PKWY 7 FL
HOUSTON, TX 77019
Tel: (713) 650-6600
Bar Number: 9424050

**CHARLES BACARISSE, District Clerk**
Harris County, Texas
**301 Fannin, Houston, Texas 77002**
P.O. Box 4651, Houston, Texas 77210

By: _____
**Deputy District Clerk** BRANTLEY, FURSHILLA

### OFFICER/AUTHORIZED PERSON RETURN

I received this citation on the _____ day of _____, 20____, at_____ o'clock ___.M., endorsed

the date of delivery thereon, and executed it at _____, _____,
                                       (street address)                (city)

in _____ County, Texas on the _____ day of _____, 20____, at_____ o'clock ___. M.,

by delivering to _____, by delivering to its
              (the defendant corporation named in citation)

_____, in person, whose name is _____,
(registered agent, president, or vice-president)

a true copy of this citation, with a copy of the _____ Petition attached,
                           (description of petition, e.g., "Plaintiffs Original")

and with accompanying copies of _____.
                             (additional documents, if any, delivered with the petition)

I certify that the facts stated in this return are true by my signature below on the _____ day of _____, 20____.

FEE: $ _____      By: _____
                                   (signature of officer)

AFFIDAVIT ATTACHED

## CRUSE, SCOTT, HENDERSON & ALLEN, L.L.P.

ATTORNEYS AT LAW
2777 ALLEN PARKWAY
7ᵀᴴ FLOOR
HOUSTON, TEXAS 77019-2133
(713) 650-6600
FAX (713) 650-1720
www.crusescott.com

**MATTHEW M. PREWETT**
PARTNER



July 1, 2005

**BY HAND DELIVERY**

Mr. Charles Bacarisse
Harris County District Clerk
Harris County Civil Courts Building
301 Fannin, Room 101
Houston, Texas 77002

Re:   Cause No. 2005-34601; *Marcy Berkley Dickey, Individually and As Next Friend of Dashun Dickey, and Kristian Dickey vs. Metabolife International, Inc., Wal-Mart Stores, Inc., Muscletech Research Development, Inc., and Rusche Properties I LLC;* in the 113ᵗʰ Judicial District Court of Harris County, Texas

Dear Mr. Bacarisse:

Enclosed for filing with the Court are the original and eight copies of **Plaintiffs' First Amended Original Petition and Requests for Disclosures**, the **Civil Case Information Sheet**, and the **Civil Process Request** form in the above-referenced matter. Also enclosed is our **firm check** in the amount of $8.00 covering the fee for the issuance of one in-county-citation. In your usual manner, please notify me of the date and time of filing.

Additionally, please rush issuance of the citation for Defendant, Anum Enterprises, Inc., as the statute of limitations runs on July 11, 2005. I have indicated on the enclosed Civil Process Request form the registered agent. Also, upon issuance please return the citations to my office for service.

Thank you in advance for your assistance.

Very truly yours,

*Matthew M. Prewett* /jns

Matthew M. Prewett

MMP/jns
Enclosures

H:\DATA\mbd001\70149\368386.DOC

CAUSE NO. 2005-34601

| | | |
|---|---|---|
| MARCY BERKLEY DICKEY, INDIVIDUALLY AND AS NEXT FRIEND OF DASHUN DICKEY, AND KRISTIAN DICKEY | §<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT OF |
| Plaintiffs | §<br>§ | |
| VS. | §<br>§ | HARRIS COUNTY, TEXAS |
| METABOLIFE INTERNATIONAL, INC., WAL-MART STORES, INC., MUSCLETECH RESEARCH DEVELOPMENT, INC., RUSCHE PROPERTIES I LLC, AND ANUM ENTERPRISES, INC. | §<br>§<br>§<br>§<br>§<br>§ | |
| Defendants | §<br>§ | 113TH JUDICIAL DISTRICT |



## PLAINTIFFS' FIRST AMENDED ORIGINAL PETITION AND REQUESTS FOR DISCLOSURES

COME NOW Plaintiffs MARCY BERKLEY DICKEY, INDIVIDUALLY AND AS NEXT FRIEND OF DASHUN DICKEY, AND KRISTIAN DICKEY, complaining of METABOLIFE INTERNATIONAL, INC., WAL-MART STORES, INC., MUSCLETECH RESEARCH AND DEVELOPMENT, INC., RUSCHE PROPERTIES I LLC, and ANUM ENTERPRISES, INC. Defendants, and for cause of action against the Defendants would show unto the Court as follows:

I.

1.    Plaintiffs assert that this lawsuit should fall under Level 3 discovery, as set out in Rule 190.4 of the Texas Rules of Civil Procedure.

II.

2.    Plaintiffs are resident citizens of Houston, Harris County, Texas, and reside at 1620 Enclave Parkway, #2901, Houston, Texas 77077. Plaintiffs were living in Texas at the time their causes of action accrued. Venue is proper in Harris County, Texas, because the Plaintiffs reside there and all or part of the causes of action alleged in this pleading occurred in Harris County, Texas.

3.    Defendant, Wal-Mart Stores, Inc., is a retail products corporation that marketed the products Metabolife 356 and Hydroxycut. Wal-mart Stores, Inc., at all times herein mentioned, was and is a corporation organized and existing under the laws of a state other than the state of Texas. It has done and is doing business in the state of Texas, and this lawsuit arose out of Defendant's business in this state. Defendant is duly authorized to do business in the state of Texas. Said Defendant may be served with process by delivering Petition and Citation to:

CT Corporation System
350 North St. Paul
Dallas, TX 75201

4.    Defendant, Metabolife International, Inc., manufactures and markets the product Metabolife 356. Metabolife International, Inc., at all times herein mentioned, was a corporation or other business entity organized and existing under the laws of the State of California. It has done and is doing business in the state of Texas, and this lawsuit arose out of Defendant's business in this state, but Defendant does not maintain a regular place of business in this state or a designated agent for service of process. Tex. Civ. Prac. & Rem Code §17.044 (b); Tex. Bus. Corp. Act art. 8.10(b); Tex. Rev. Civ. Stat. Ann. Art. 1396-8.09 (B). This Defendant may be served with process by

H:\DATA\mbd001\70149\338700.DOC                    2

delivering Petition and Citation to the Secretary of State under Tex. Civ. Prac. & Rem. Code Sec. 17.044, and the Secretary of State, forwarding Petition and Citation to this Defendant's home office at:

Metabolife International, Inc.
5070 Santa Fe Street
San Diego, California 92109

5.     Defendant, MuscleTech Research and Development, Inc., manufactures and markets the product Hydroxycut. MuscleTech Research and Development, Inc. was a corporation or other business entity organized and existing under the laws of Canada. It has done and is doing business in the state of Texas, and this lawsuit arose out of Defendant's business in this state, but Defendant does not maintain a regular place of business in this state or a designated agent for service of process. Tex. Civ. Prac. & Rem Code §17.044 (b); Tex. Bus. Corp. Act art. 8.10(b); Tex. Rev. Civ. Stat. Ann. Art. 1396-8.09 (B). This Defendant may be served with process by delivering Petition and Citation to the Secretary of State under Tex. Civ. Prac. & Rem. Code Sec. 17.044, and the Secretary of State, forwarding Petition and Citation to this Defendant's principal place of business as follows:

MuscleTech Research and Development, Inc.
7050 Telford Way, Unit 100
Mississauga, Ontario, Canada  L5S IV7

6.     Defendant, Rusche Properties I LLC, is a convenience store and gas station that marketed the products Metabolife 356 and Hydroxycut. Rusche Properties I LLC, at all times herein mentioned, was and is an LLC organized and existing under the laws of the state of Texas. It has done and is doing business in the state of Texas and this lawsuit arose out of Defendant's business in this state. Defendant is duly authorized

to do business in the state of Texas. Said Defendant may be served with process by delivering Petition and Citation to Defendant's registered agent for service:

E. V. Bonner, Jr.
2433 Baldwin Blvd.
Corpus Christi, TX 78408

7.    Defendant, Anum Enterprises, Inc., is/was the owner and/or operator of a convenience store and gas station that marketed the products Metabolife 356 and Hydroxycut. Anum Enterprises, Inc., at all times herein mentioned, was a corporation or other business entity organized and existing under the laws of the state of Texas. It has done and is doing business in the state of Texas and this lawsuit arose out of Defendant's business in this state. Defendant is duly authorized to do business in the state of Texas. Said Defendant may be served with process by delivering Petition and Citation to Defendant's registered agent for service:

Aftab Aziz
13575 Alief Clodine
Houston, TX 77082

### III.
### FACTUAL BACKGROUND

8.    This lawsuit has been made necessary by the conduct of the Defendants in connection with the design, manufacture, and marketing of various over-the-counter herbal concoctions, all of which possess a common denominator in that they contain "herbal" ephedrine or ephedrine alkaloids ("ephedrine"). These products are subject to the Dietary Supplement Health and Education Act of 1994, which limits the regulatory authority of the Federal Food and Drug Administration in verifying the safety and efficacy of ephedrine-containing dietary supplements. Thus, the dietary supplement

H:\DATA\mbd001\70149\338700.DOC                    4

industry is responsible for its own product design, safety and efficacy testing, marketing, and post-marketing safety surveillance.

9. Defendants, as members of the dietary supplement industry, aggressively and deceptively market "natural" products that contain ephedrine and other potentially hazardous substances. Defendants, individually and collectively, have participated in schemes to convince American consumers that chronic health conditions, including obesity, can be successfully treated in the long-term by the use of dietary supplements that contain ephedrine. Likewise, Defendants have marketed their "natural" products as being a safe and effective means of providing energy, exercise endurance, and stamina to individuals who consume these products. Thus, Defendants have convinced thousands of American consumers that the benefits of using these ephedrine-containing products outweigh their risks.

10. Unfortunately, Defendants, individually and collectively, have failed in their responsibility to conduct adequate testing to fairly and reasonably establish the safety and efficacy of these ephedrine-containing products. Defendants' primary focus for testing has been short-term efficacy testing, and safety testing has largely been ignored. Defendants have designed these products so that they include alleged "natural" substances that have the propensity to cause harm to individuals who ingest these products. Further, Defendants have not conducted and do not conduct adequate post-marketing safety surveillance, which is an essential tool in the quest for determining the safety of products that are ingested by thousands of American consumers daily. In spite of numerous reports of serious side effects that are the likely result of using their products, including reports by the Food and Drug Administration, Defendants have