failed to remedy the foregoing inadequacies and have continued to conduct business as usual, at the expense of the consuming public.

11.    Defendants have knowledge of the potential side effects that may be attributable to their products. There are numerous published, credible reports of serious injury or death associated with the use of ephedrine-containing products. Rather than taking action to reasonably test their products before marketing them, to design their products to eliminate or minimize risks to consumers, and to market these "natural" dietary supplements in a responsible fashion, Defendants have engaged in a pervasive lobbying and marketing effort to convince the public and government representatives that the benefits of these products outweigh their risks.

12.    The result of the foregoing acts of omission and commission is that Defendants have been enriched by millions of dollars through the sale of ephedrine-containing products that have not been adequately tested, properly designed, or monitored for safety and efficacy. Defendants have elevated their own profits above the health and well-being of the consumers who purchase their products. Further, when attempts have been made to implement reasonable regulatory changes to the dietary supplement industry, Defendants and others have lobbied against such changes since they know that meaningful scrutiny of their business practices would result in a loss of business profits. Hence, Defendants have acted irresponsibly and in disregard for the rights of the consumers who purchased their products.

13.    Scientific developments over the past several years have revealed that herbal ephedra-containing products, such as Metabolife 356 and Hydroxycut are associated with serious and sometimes lethal risks to individuals who ingest these

products. The "naturally occurring" ephedrine that is found in Metabolife 356 and Hydroxycut has been found to cause increases in blood pressure, increases in heart rate, and can cause heart failure, seizures, strokes, brain injury, and sudden death. Defendants did not adequately test for these potential adverse effects before promoting Metabolife 356 and Hydroxycut for widespread use, but learned of these potential adverse effects before Metabolife 356 and Hydroxycut were taken by Plaintiff. Instead of pulling Metabolife 356 and Hydroxycut from the market, or warning potential consumers, including Plaintiff, of the potential health risks and threats, Defendants kept silent and allowed Plaintiff to take Metabolife 356 and Hydroxycut and to have a brain aneurysm.

14.    Plaintiff Marcy Berkley Dickey is a 31-year-old woman living in Harris County, Texas. Up until July 2003, she used ephedra-containing products manufactured, distributed and/or marketed by Defendants.

15.    In July 2003, Marcy Berkley Dickey suffered a subarachnoid hemorrhage due to a brain aneurysm for which she underwent emergency brain surgery. Marcy Berkley Dickey remained hospitalized from July 11, 2003, until July 22, 2003. Prior to July 2003, she had no knowledge that the ephedrine-containing products manufactured and marketed by Defendants had the propensity to cause serious and life-threatening health conditions. On the contrary, when she took Defendants' products, Mrs. Dickey believed that these products were safe and natural and would not cause injury to her. Marcy Berkley Dickey acted as a reasonable and prudent consumer in her use of these products, and she ingested these products in a manner consistent with the labeling and marketed instructions that accompanied these products. It was not until a time

subsequent to her brain hemorrhage that she first knew of a potential causal relationship between her medical maladies and the ephedrine-containing products. Thus, she acted as a reasonable and prudent individual and consumer in investigating and pursuing her legal claims against these Defendants when she discovered that there was a causal relationship between Defendants' ephedrine-containing products and her illness.

16.    Prior to the time she took the ephedrine-containing products sold by Defendants, Marcy Berkley Dickey was a healthy woman. The medical and diagnostic testing and procedures conducted on Mrs. Dickey revealed no explanation for the brain aneurysm, other than the ephedrine-containing products manufactured and/or distributed by Defendants. Further, the available scientific evidence reveals that products of this type have been associated with events of the nature suffered by Marcy Berkley Dickey. Thus, Plaintiffs allege that the ephedrine-containing products manufactured and marketed by Defendants were responsible, both individually and collectively, for the serious health condition and indivisible injuries from which Marcy Berkley Dickey suffers.

17.    Plaintiff Kristian Dickey is Plaintiff Marcy Berkley Dickey's husband. Plaintiff Kristian Dickey has suffered from pecuniary damages, loss of consortium, and other damages as a result of the injuries sustained by Plaintiff Marcy Berkley Dickey.

18.    Plaintiff Dashun Dickey is Plaintiff Marcy Berkley Dickey's son. Plaintiff Dashun Dickey has suffered from pecuniary damages, loss of consortium and other damages as a result of the injuries sustained by Plaintiff Marcy Berkley Dickey.

## IV.
## CAUSES OF ACTION:

### 1. STRICT PRODUCTS LIABILITY - DESIGN DEFECT

19.    Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth here and further allege as follows:

a.    Metabolife 356 and Hydroxycut are products designed, formulated, manufactured, marketed, distributed, promoted, advertised, packaged, sold and/or supplied by these Defendants that were placed into the stream of commerce by these Defendants in a condition that was defective and unreasonably dangerous as designed, taking into consideration the utility of these products and the risks involved in their use.

b.    Metabolife 356 and Hydroxycut were unsafe for their intended and/or reasonably foreseeable purposes and uses at the time they were distributed, sold or supplied by Defendants because the known side effects and adverse consequences outweighed the benefits of these products, if any.  Those side effects and adverse consequences include precisely the injuries suffered by Plaintiff.

c.    Metabolife 356 and Hydroxycut were defective because, for example, it combined ephedra (ma huang) and caffeine (guarana).  Defendants knew such a chemical/herbal concoction had the propensity to cause injury. Metabolife 356 and Hydroxycut left Defendants' hands in this defective condition, and Metabolife 356 and Hydroxycut reached Plaintiff in the same condition.

d.  The defective condition of Metabolife 356 and Hydroxycut were a producing cause of the injuries sustained by Plaintiff.

## 2. STRICT PRODUCTS LIABILITY - MARKETING DEFECT

20.  Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth here and further allege as follows:

a.  These products were defective at the time they were placed into the stream of commerce due to a marketing defect.  In the absence of adequate warnings and instructions, Metabolife 356 and Hydroxycut posed unacceptable risks to Plaintiff that were unknown and unknowable to her.

b.  Metabolife 356 and Hydroxycut were defective in marketing due to inadequate, false, misleading and inaccurate precautions, warnings, instructions, and/or labeling.

c.  These products were not accompanied by timely, accurate, adequate, necessary, required truthful and proper warnings, precautions, instructions and labeling regarding permanent and irreversible injury associated with the use of these products and the complications, consequences, severity, duration and potential for fatal effects of such injuries.

d.  Instead, the detail pieces, package insert, instructions, or label accompanying the products minimized and trivialized and, in fact, misled consumers regarding adverse effects associated with these products; the potential frequency, severity, and irreversibility of the harm from use of

these products, and the potentially fatal consequences of taking these products.

e.    Defendants failed to provide the FDA and various state agencies, including the Texas Department of Health, with all the necessary and available information on these products, their contents and reports of Adverse Events in consumers. Defendants purposefully withheld information necessary to determine the adequacy of the label and the safety and efficacy if these products.

f.    The Metabolife 356 and Hydroxycut labeling knowingly misrepresented the efficacy and benefits of Metabolife 356 and Hydroxycut to Plaintiff.

g.    The labeling rendered these products defective in that it failed to give adequate warnings and instructions in a manner and form (1) that could reasonably be expected to catch the attention of a reasonably prudent person in the circumstances that these products were used; (2) that were comprehensible to the average user; and (3) that conveyed a fair indication of the nature, frequency, severity and extent of the danger.

h.    There was not a timely, adequate, and accurate disclosure of adverse reactions in the label, even though Defendants knew or should have known of such adverse reactions. The failure to give adequate instructions and warnings in an adequate manner rendered these products dangerous to any extent beyond that which would be contemplated by the ordinary consumer.

i.     These products were defective because the foreseeable and known risks exceeded the benefits claimed, suggested or truly associated with the design and formulation.  Moreover, these products were more dangerous than an ordinary consumer would expect and far more dangerous than other means of weight control.

j.     There were numerous other reliable and effective methods of controlling weight that posed less risk.

### 3. BREACH OF WARRANTY

21.    Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth here and further allege as follows:

a.     Defendants expressly and impliedly warranted that Metabolife 356 and Hydroxycut were safe for their intended purpose.

b.     Defendants expressly and impliedly warranted that Metabolife 356 and Hydroxycut were all natural products.

c.     Defendants expressly and impliedly warranted that Metabolife 356 and Hydroxycut would provide energy.

d.     Defendants expressly and impliedly warranted that Metabolife 356 and Hydroxycut would enhance your diet.

e.     Defendants expressly and impliedly warranted that Metabolife 356 and Hydroxycut would increase your metabolism.

f.     Defendants expressly and impliedly warranted that Metabolife 356 and Hydroxycut had no side effects.

g.    Defendants expressly and impliedly warranted that Metabolife 356 and Hydroxycut would help consumers lose weight.

h.    Metabolife 356 and Hydroxycut did not conform to these representations. Instead, Metabolife 356 and Hydroxycut have high levels of serious side effects, including irreversible and life-threatening side effects, and this is what prompted the FDA to inquire and hold hearings on ephedra-containing products like Metabolife 356 and Hydroxycut.

i.    At the time Defendants marketed, sold and distributed Metabolife 356 and Hydroxycut for use by Plaintiff, these Defendants knew of the use for which these products were intended and expressly and impliedly warranted these products to be of merchantable quality and safe and fit for such use.

j.    Plaintiff relied upon the skill and judgment of Defendants as to whether Metabolife 356 and Hydroxycut were of merchantable quality and safe and fit for their intended use.

k.    Contrary to such warranties, Metabolife 356 and Hydroxycut are not of merchantable quality or safe or fit for their intended use, because these products were and are unreasonably dangerous and unfit for the ordinary purposes for which they were used as described above.

l.    As a direct and proximate result of the breach of them, their express and implied warranties regarding the properties and qualities of Metabolife 356 and Hydroxycut, Plaintiff suffered personal injury.

## 4. MANUFACTURER/DISTRIBUTOR NEGLIGENCE

22.    Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth here and further allege as follows:

a.    Defendants have a duty to exercise reasonable care in the design, manufacture, sale or distribution of Metabolife 356 and Hydroxycut into the stream of commerce, including a duty to assure that Metabolife 356 and Hydroxycut did not cause users to suffer from unreasonable, dangerous side effects. These Defendants have failed to exercise ordinary care in the manufacture, sale, testing, quality assurance, quality control or distribution of Metabolife 356 and Hydroxycut into interstate commerce in that these Defendants knew or should have known that Metabolife 356 and Hydroxycut created a high risk of unreasonable, dangerous side effects, some of which are fatal.

b.    The Defendants were negligent in the design, manufacture, marketing, testing, and sale of Metabolife 356 and Hydroxycut in that they:

i.    Failed to use due care in designing, manufacturing and marketing Metabolife 356 and Hydroxycut;

ii.    Failed to conduct adequate testing and post-marketing surveillance to determine the safety of Metabolife 356 and Hydroxycut;

iii.    Failed to provide adequate training to distributors for appropriate use of Metabolife 356 and Hydroxycut;

iv.    Failed to adequately warn individuals of the potential dangerous side effects of Metabolife 356 and Hydroxycut;

v.    In such other and further particulars as will be proven at trial.

c.     The Defendants were negligent in the distribution of Metabolife 356 and Hydroxycut in that they:

    i.     Failed to exercise ordinary care in the distribution of these products;

    ii.    Failed to obtain adequate information about the products prior to distributing it to consumers;

    iii.   Pleading in the alternative, failed to pass along instructions, warnings, adverse events associated with these products that were provided to them by the manufacturer.

d.     Despite the fact that Defendants knew or should have known that Metabolife 356 and Hydroxycut caused unreasonable, dangerous side effects which many users would be unable to remedy by any means, these Defendants continued to market Metabolife 356 and Hydroxycut to consumers, including Plaintiff, and all others similarly situated, when there were safer alternative methods of weight loss.

e.     Defendants' failure to adhere to the appropriate standard of care proximately caused the injuries to Plaintiff.

## 5. DECEPTIVE TRADE PRACTICES ACT VIOLATIONS

23.    Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth here and further alleges as follows:

a.     Plaintiff also seeks relief pursuant to TEX.BUS.COM.CODE. § 17.41, et seq., commonly known as the Deceptive Trade Practices and Consumer Protection Act (DTPA), and specifically § 17.46 and § 17.50.

H:\DATA\mbd001\70149\338700.DOC                    15

b.    Marcy Berkley Dickey was a consumer of Metabolife 356 and Hydroxycut. Metabolife 356 and Hydroxycut are consumer goods.

c.    Defendants engaged in false, misleading, and deceptive acts in the distribution of Metabolife 356 and Hydroxycut in violation of TEX.BUS.COM.CODE. §17.46(5) [representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another].

    1.    § 17.46(8) [disparaging the goods, services, or business of another by false or misleading representation of facts];

    2.    § 17.46(22) [representing that work or services have been performed on goods when the work or services were not performed].

d.    Defendants are liable under the DTPA for breach of warranty as outlined in § 17.50.

e.    Defendants are liable under the DTPA for their unconscionable actions and course of actions. Defendants took advantage of the consumer, Plaintiff's lack of knowledge, ability, experience, or capacity to a grossly unfair degree in violation of § 17.45(5).

f.    Further, Defendants committed unconscionable acts when they represented that these products had characteristics and benefits that they did not.  Defendants failed to disclose information pertaining to these products that were known to Defendants at the time of the consumer transaction, and the failure to disclose the information was intended to

induce Plaintiff to purchase and take these products when she would not have done so if the information had been disclosed.

g.  These violations of the Texas Deceptive Trade Practices Act were committed knowingly as they were committed with an actual awareness, at the time of the conduct, of the falsity, deception, or unfairness of the conduct in question or actual awareness of the conduct constituting a failure to comply with a warranty.

h.  These violations, each of them, are a producing cause of Plaintiff's injuries.

i.  Plaintiffs, therefore, seek all damages recoverable under the DTPA; specifically, Plaintiffs seek all damages including but not limited to economic damages, mental anguish associated with the violations; costs, attorneys fees, prejudgment interest, and additional and/or treble damages.

## 6. DECEIT AND FRAUD

24.  Plaintiffs incorporate herein by reference the allegations of the preceding paragraphs as if included herein.

25.  Defendants made material representations to the general public and to potential users of Metabolife 356 and Hydroxycut, such as Plaintiff, that Metabolife 356 and Hydroxycut were "natural" and that they were a "dietary supplement" and told consumers that these products were safe.

26.  Plaintiff Marcy Berkley Dickey reasonably relied upon such representations in deciding to use Metabolife 356 and Hydroxycut and, but for such

H:\DATA\mbd001\70149\338700.DOC                    17

representations of safety, she would not have used Metabolife 356 and Hydroxycut.

27. At the time the representations were made, they were false and Defendants knew they were false.

28. Defendants each also failed to disclose to Plaintiff that Metabolife 356 and Hydroxycut could cause serious health problems including brain aneurysms, brain hemorrhage and/or sudden death.

29. These omissions were material and induced Plaintiff to use Metabolife 356 and Hydroxycut. If she had been told that Metabolife 356 and Hydroxycut could cause serious health problems, including brain aneurysms, brain hemorrhage and/or sudden death, she would not have used these products.

30. These omissions by each and every Defendant were material and intentional and they had the desired effect of inducing the continued use of the products by Plaintiff and millions of others.

## 7. COMPENSATORY DAMAGES

31. As a direct and proximate result of the negligence of each of the Defendants, Plaintiffs have sustained significant damages for which compensation is sought. First, as to Marcy Berkley Dickey, at the time of her brain hemorrhage, she was in excellent health, with a reasonable life expectancy. Marcy Berkley Dickey was a wage earner and provided financial support for her family. Prior to the time she took the Defendants' products, Mrs. Dickey was an industrious and energetic wife and mother. She performed numerous and usual tasks in and about her family residence and gave advice, counsel, comfort and care to her husband, son and family. Plaintiff Marcy Berkley Dickey has suffered actual damages as a result of the conduct and products

attributable to the Defendants. Plaintiff Marcy Berkley Dickey is entitled to recover both direct/general damages and consequential/special damages that naturally and necessarily flow from the tortious conduct and products of the Defendants as would normally compensate for the loss, damage, and injury that is presumed to have been foreseen or contemplated by the Defendants as a consequence of the Defendants' behavior and products. Thus, Plaintiffs seek recovery for all damages available under Texas law, including intangible damages for pain, anguish, loss of consortium, and such other damages as may be proved at the time of trial.

32.    As a result of the illness from which Marcy Berkley Dickey suffers, Plaintiff Kristian Dickey has suffered pecuniary damages including losses of care, maintenance, support, services, advice, counsel and contributions of a pecuniary value that he would, in reasonable probability, have received from his wife were it not for her medical condition. In addition, he has suffered loss of consortium and damage to the husband-wife relationship, including loss of affection, solace, comfort, companionship, society, assistance, sexual relations, emotional support, love and felicity necessary to a successful marriage. He has suffered mental anguish, grief, and sorrow as a result of the illness from which his wife suffers and is likely to continue to suffer for a long time in the future. For these losses, Plaintiff Kristian Dickey requests that the Judge and Jury award him fair compensation for his injuries and losses in an amount to be determined by the jury at the trial of this lawsuit.

33.    As a result of the illness from which Marcy Berkley Dickey suffers, Plaintiff Dashun Dickey has suffered pecuniary damages including losses of care, maintenance, support, services, advice, counsel and contributions of a pecuniary value that he would,

in reasonable probability, have received from his mother were it not for her medical condition. In addition, he has suffered loss of consortium and damage to the mother-son relationship, including loss of affection, solace, comfort, companionship, society, assistance, emotional support, love and felicity necessary to a beneficial mother-son relationship. He has suffered mental anguish, grief, and sorrow as a result of the illness from which his mother suffers and is likely to continue to suffer for a long time in the future. For these losses, Plaintiff Dushun Dickey requests that the Judge and Jury award him fair compensation for his injuries and losses in an amount to be determined by the jury at the trial of this lawsuit.

34.    As a result of the brain hemorrhage suffered by Marcy Berkley Dickey, Plaintiffs request that the Judge and Jury award them fair compensation for their injuries and losses in an amount to be determined by the jury at the trial of this lawsuit.

35.    The Plaintiffs believe that fair compensation for their injuries would be in excess of the jurisdictional limits of the court.

## 8. EXEMPLARY AND ADDITIONAL DAMAGES

36.    The acts, omissions, breaches of warranty, or distribution/marketing of defective products, as set forth above, were committed by Defendants with a mental state constituting malice as that term is defined in TEX.CIV.PRAC.CODE. § 41.001. Such gross negligence and malice was authorized by such Defendants; ratified by such Defendants; committed by a managerial agent of such Defendants; committed by an unfit employee of such Defendants whom such Defendants were reckless in employing; and/or were committed in the performance of a non-delegable duty owed by such Defendants. Such malice warrants the imposition of exemplary damages and was a

proximate and producing cause of injury to Plaintiffs.

37.    Plaintiffs seek exemplary damages in such an amount as may be found to be proper under the facts and circumstances.

38.    Plaintiffs also seek additional damages suffered as a result of Defendants' conduct in violation of the Texas Deceptive Trade Practices Act that was committed knowingly.

## 9. CONDITIONS PRECEDENT, CAUSATION, REQUEST FOR JURY, AND REQUESTS FOR DISCLOSURES

39.    All conditions precedent to the filing of this lawsuit have been performed or have occurred.

40.    Each of the aforementioned acts, omissions, breaches of warranty, and/or defective products of Defendants was a proximate and/or producing cause of injury to Plaintiffs.

41.    Plaintiffs hereby request that this lawsuit be tried to a jury of Plaintiffs' peers as permitted by the Constitution and laws of the state of Texas. The appropriate jury fee is being tendered herewith to the appropriate authorities.

42.    Under the authority of Texas Rule of Civil Procedure 194.3, Plaintiffs request the Defendants disclose, within 50 days of the service of this Petition and request, the information or material described in the referenced rule.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray for judgment against all Defendants for compensatory damages with costs and interest, both pre-judgment and post-judgment; and against Defendants for exemplary damages. Plaintiffs also pray for such other and further relief as they may show themselves entitled.

Respectfully submitted,

CRUSE, SCOTT, HENDERSON & ALLEN, L.L.P.

By: _____

Jay H. Henderson, SBN 09424050
Stephen R. Bailey, SBN 01536660
Matthew M. Prewett, SBN 00788223
2777 Allen Parkway, 7th Floor
Houston, Texas 77019
713-650-6600 (Telephone)
713-650-1720 (Telecopier)

Mr. David P. Willis
State Bar No. 21643500
Willis Law Firm
1221 McKinney, Suite 3333
Houston, Texas 77010
(713) 654-4040 (Telephone)
(713) 654-4050 (Telecopier)

ATTORNEYS FOR PLAINTIFFS,
MARCY BERKLEY DICKEY, INDIVIDUALLY
AND AS NEXT FRIEND OF DASHUN
DICKEY, AND KRISTIAN DICKEY

Of Counsel:

Edward F. Blizzard, #02495000
J. Scott Nabers, #14769250
Blizzard, McCarthy & Nabers, L.L.P.
440 Louisiana Street, Suite 1710
Houston, Texas 77002
(713) 844-3750 (Telephone)
(713) 844-3755 (Telecopier)

Kenneth T. Fibich, #06952600
Russell S. Briggs, #02987720
Fibich, Hampton, Leebron & Garth, L.L.P.
Two Houston Center
909 Fannin Street, Suite 800
Houston, Texas 77010
(713) 751-0025 (Telephone)
(713) 751-0030 (Telecopier)

H:\DATA\mbd001\70149\338700.DOC

22

F. Kenneth Bailey, Jr., #24006782
Robert A. Schwartz, #17869670
Williams Bailey Law Firm, L.L.P.
8441 Gulf Freeway, Suite 600
Houston, Texas 77017
(713) 230-2200 (Telephone)
(713) 643-6226 (Telecopier)

# CIVIL PROCESS REQUEST

FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

CASE NUMBER: 2005-34601     CURRENT COURT: 113th

TYPE OF INSTRUMENT TO BE SERVED (See Reverse For Types): First Amended Original Petition

FILE DATE OF MOTION: 6/1/05
                                    Month/    Day/    Year

SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):

1. NAME: Anum Enterprises, Inc.
   ADDRESS: 13575 Alief Clodine, Houston, TX 77082
   AGENT, (if applicable): Aftab Aziz

TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): Citation

SERVICE BY (check one):
☐ ATTORNEY PICK-UP                      ☐ CONSTABLE
☑ CIVIL PROCESS SERVER - Authorized Person to Pick-up: Mach5-Russell     Phone: 713-754-8278
☐ MAIL                                   ☐ CERTIFIED MAIL
☐ PUBLICATION:
     Type of Publication: ☐ COURTHOUSE DOOR, or
                          ☐ NEWSPAPER OF YOUR CHOICE: _____
☐ OTHER, explain _____

*************************************************************************************

****

2. NAME: _____
   ADDRESS: _____
   AGENT, (if applicable): _____

TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): _____

SERVICE BY (check one):
☐ ATTORNEY PICK-UP                      ☐ CONSTABLE
☐ CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____     Phone: _____
☐ MAIL                                   ☐ CERTIFIED MAIL
☐ PUBLICATION:
     Type of Publication: ☐ COURTHOUSE DOOR, or
                          ☐ NEWSPAPER OF YOUR CHOICE: _____
☐ OTHER, explain _____

ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:
NAME: Matthew M. Prewett     TEXAS BAR NO./ID NO. 00788223
MAILING ADDRESS: 2777 Allen Parkway, 7th Floor Houston, TX 77019
PHONE NUMBER: 713    650-6600     FAX NUMBER: 713    650-1720
              area code  phone number                 area code  fax number
EMAIL ADDRESS: mprewett@crusescott.com

CIVC108 Revised 9/7/00

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION. FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE. SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

**INSTRUMENTS TO BE SERVED:**
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

ORIGINAL PETITION
\_\_\_\_\_ AMENDED PETITION
\_\_\_\_\_ SUPPLEMENTAL PETITION

COUNTERCLAIM
\_\_\_\_\_ AMENDED COUNTERCLAIM
\_\_\_\_\_ SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
\_\_\_\_\_ AMENDED CROSS-ACTION
\_\_\_\_\_ SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
\_\_\_\_\_ AMENDED THIRD-PARTY PETITION
\_\_\_\_\_ SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
\_\_\_\_\_ AMENDED INTERVENTION
\_\_\_\_\_ SUPPLEMENTAL INTERVENTION

INTERPLEADER
\_\_\_\_\_ AMENDED INTERPLEADER
\_\_\_\_\_ SUPPLEMENTAL INTERPLEADER

INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER

BILL OF DISCOVERY:
ORDER TO: _____
(specify)

MOTION TO: _____
(specify)

**PROCESS TYPES:**

**NON WRIT:**
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

**WRITS:**
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)

CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)

POSSESSION (PERSON)
POSSESSION (PROPERTY)

SCIRE FACIAS
SEQUESTRATION
SUPERSEDEAS

CIVC108 Revised 9/2/99

CAUSE NO. 2005-34601

| | | |
|---|---|---|
| MARCY BERKLEY DICKEY, INDIVIDUALLY AND AS NEXT FRIEND OF DASHUN DICKEY AND KRISTIAN DICKEY | § § § § § | IN THE DISTRICT COURT OF |
| V. | § § | HARRIS COUNTY, TEXAS |
| METABOLIFE INTERNATIONAL, INC., ET AL | § § | 113TH JUDICIAL DISTRICT |

### DEFENDANT ANUM ENTERPRISES, INC.'S RULE 216 REQUEST FOR JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ANUM ENTERPRISES, INC., a Defendant in the above entitled and numbered cause, and in accordance with the provisions of Rule 216 of the Texas Rules of Civil Procedure, requests that when this case proceeds to trial, it be placed on the Court's jury trial docket.



ASSESSED
ENTERED 72 15/02
VERIFIED Cao

Respectfully submitted,

HAYS, McCONN, RICE & PICKERING

BY: _____

BRUCE C. GAIBLE
State Bar No.: 07567400
400 Two Allen Center
1200 Smith Street
Houston, Texas  77002
Telephone No.:  713/654-1111
Telecopy No. :  713/650-0027

ATTORNEY FOR DEFENDANT,
ANUM ENTERPRISES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been duly sent by U. S. mail, certified mail return receipt requested, hand delivery, or by telecopy, on this 21st day of July, 2005 to the following counsel:

Jay H. Henderson
Cruse, Scott, Henderson & Allen
2777 Allen Parkway
7th Floor
Houston, Texas 77019

David P. Willis
Willis Law Firm
1221 McKinney
Suite 3333
Houston, Texas 77010

Edward F. Blizzard
Blizzard, McCarthy & Nabers
440 Louisiana Street
Suite 1710
Houston, Texas 77002

Kenneth T. Fibich
Fibich, Hampton & Leebron
1401 McKinney
Suite 1800
Houston, Texas 77010

F. Kenneth Bailey, Jr.
Williams Bailey Law Firm
8441 Gulf Freeway
Suite 500
Houston, Texas 77017

_____
Bruce C. Gaible

CAUSE NO. 2005-34601

| | | |
|---|---|---|
| MARCY BERKLEY DICKEY, INDIVIDUALLY AND AS NEXT FRIEND OF DASHUN DICKEY AND KRISTIAN DICKEY | §<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT OF |
| v. | §<br>§ | HARRIS COUNTY, TEXAS |
| METABOLIFE INTERNATIONAL, INC., ET AL | §<br>§ | 113TH JUDICIAL DISTRICT |

## DEFENDANT ANUM ENTERPRISES, INC.'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ANUM ENTERPRISES, INC., a Defendant in the above entitled and numbered cause, and for answer to the Plaintiffs' pleadings on file herein, would respectfully show unto the Court as follows:

1.    Pursuant to Rule 92 of the Texas Rules of Civil Procedure, this Defendant denies each and every, all and singular, the material allegations contained in Plaintiffs' pleadings filed herein, and demands strict proof thereof, as required by the laws of this State of persons or entities who bring suit as the Plaintiffs do in the instant case.

2.    Defendant demands a trial by jury.

ASSESSED

ENTERED 727089

VERIFIED

02240.35 / 858828.1                    Page 1 of 3

3.    This Defendant respectfully reserves the right at this time to amend this original answer to the Plaintiffs' allegations after said Defendant has had the opportunity to more closely investigate these claims, as is the right and privilege of said Defendant under the Rules of Civil Procedure and the laws of the State of Texas.

WHEREFORE, PREMISES CONSIDERED, the above named Defendant, having fully answered herein, prays that it go hence without day for costs, and for such other and further relief, both special and general, at law and in equity, to which the said Defendant may be justly entitled.

Respectfully submitted,

HAYS, McCONN, RICE & PICKERING

BY:    _____

BRUCE C. GAIBLE
State Bar No.: 07567400
400 Two Allen Center
1200 Smith Street
Houston, Texas  77002
Telephone No.: 713/654-1111
Telecopy No. :  713/650-0027

ATTORNEY FOR DEFENDANT,
ANUM ENTERPRISES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been duly sent by U. S. mail, certified mail return receipt requested, hand delivery, or by telecopy, on this _21st_ day of July, 2005 to the following counsel:

Jay H. Henderson
Cruse, Scott, Henderson & Allen
2777 Allen Parkway
7th Floor
Houston, Texas 77019

David P. Willis
Willis Law Firm
1221 McKinney
Suite 3333
Houston, Texas 77010

Edward F. Blizzard
Blizzard, McCarthy & Nabers
440 Louisiana Street
Suite 1710
Houston, Texas 77002

Kenneth T. Fibich
Fibich, Hampton & Leebron
1401 McKinney
Suite 1800
Houston, Texas 77010

F. Kenneth Bailey, Jr.
Williams Bailey Law Firm
8441 Gulf Freeway
Suite 500
Houston, Texas 77017

Bruce C. Gaible

02240.35 / 858828.1                    Page 3 of 3

HAYS, McCONN, RICE & PICKERING
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
400 TWO ALLEN CENTER
1200 SMITH STREET
HOUSTON, TEXAS 77002
TELEPHONE (713) 654-1111
TELECOPIER (713) 650-0027
www.haysmcconn.com

BRUCE C. GAIBLE

DIRECT LINE: (713) 752-8301
E-Mail: BGaible@HaysMcConn.Com

July 20, 2005

_Hand Delivered_

Mr. Mr. Charles Bacarisse
Harris County District Clerk
301 Fannin Street
Houston, Texas 77002

Re:   Cause No. 2005-34601; *Marcy Berkley Dickey, Individually and a/n/f of Dashun Dickey and Kristian Dickey v. Metabolife International, Inc., et al*; Pending in the 113th Judicial District Court of Harris County, Texas

Dear Mr. Bacarisse:

Enclosed for filing in the above-captioned matter is an original and one copy of Defendant Anum Enterprises, Inc.'s Original Answer and Rule 216 Request for Jury Trial. Please file in your usual manner and return the copy file stamped to the undersigned to evidence the filing of same. Additionally, I am enclosing our firm check in the amount of $30 for payment of the jury fee.

Your cooperation in this matter is greatly appreciated.

Sincerely,

HAYS, McCONN, RICE & PICKERING

Bruce C. Gaible

BCG:jb

Enclosures

02240.35 / 858846.1

Mr. Charles Bacarisse
July 20, 2005
Page 2

cc:    Jay H. Henderson
       Cruse, Scott, Henderson & Allen
       2777 Allen Parkway
       7th Floor
       Houston, Texas 77019

       David P. Willis
       Willis Law Firm
       1221 McKinney
       Suite 3333
       Houston, Texas 77010

       Edward F. Blizzard
       Blizzard, McCarthy & Nabers
       440 Louisiana Street
       Suite 1710
       Houston, Texas 77002

       Kenneth T. Fibich
       Fibich, Hampton & Leebron
       1401 McKinney
       Suite 1800
       Houston, Texas 77010

       F. Kenneth Bailey, Jr.
       Williams Bailey Law Firm
       8441 Gulf Freeway
       Suite 500
       Houston, Texas 77017



SHEEHY, SERPE & WARE
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
2500 TWO HOUSTON CENTER
909 FANNIN STREET
HOUSTON, TEXAS 77010-1003
WWW.SSWPC.COM

TELEPHONE (713) 951-1000    TELECOPIER (713) 951-1199

RAYMOND A. NEUER
DIRECT LINE (713) 951-1027
E-MAIL R.NEUER@SSWPC.COM

GALVESTON OFFICE
2200 MARKET STREET, SUITE 700
GALVESTON, TEXAS 77550
(409) 621-1818

July 27, 2005

*Via Courthouse Messenger*

Mr. Charles Bacarisse
District Clerk
Harris County Courthouse
301 Fannin, Room 400
Houston, Texas 77002

Re:    Cause No. 2005-34601; *Marcy Berkley Dickey, Individually and as Next Friend of Dashun Dickey, and Kristian Dickey v. Metabolife International, Inc., Wal-Mart Stores, Inc., MuscleTech Research Development, Inc., and Rusche Properties I LLC;* In the 113th Judicial District Court of Harris County, Texas

Dear Mr. Bacarisse:

Enclosed please find an original and one copy of the following:

1.    Original Answer of Defendant Wal-Mart Stores, Inc.;
2.    Jury Demand of Wal-Mart Stores, Inc.
3.    Firm check filing fee; and
4.    Certificate of Written Discovery Regarding Wal-Mart Stores, Inc.'s Requests for Disclosure to Plaintiff Marcy Berkley Dickey, Individually and as Next Friend of Dashun Dickey and Kristian Dickey.

Please file the original documents in your usual manner and return the file-stamped copy to our messenger.

By copy of this letter, Plaintiff's counsel is being provided a true and correct copy of the enclosures.

Mr. Charles Bacarisse
Harris County District Clerk
July 27, 2005
Page 2

Your assistance in this matter is appreciated. If you have any questions please call.

Very truly yours,

Raymond A. Neuer

RAN:nk
Enclosures
901294

cc:    Jay H. Henderson
       Stephen R. Bailey
       Matthew M. Prewett
       Cruse, Scott, Henderson & Allen
       2777 Allen Parkway, 7th Floor
       Houston, Texas  77019

       David P. Willis
       Willis Law Firm
       1221 McKinney, Suite 3333
       Houston, Texas  77010

       All Known Counsel of Record

CMRRR 7003 2260 0007 4514 7480

CAUSE NO. 2005-34601

MARCY BERKLEY DICKEY,    §     IN THE DISTRICT COURT
INDIVIDUALLY AND AS NEXT FRIEND    §
OF DASHUN DICKEY AND    §
KRISTIAN DICKEY    §
     Plaintiff,    §
   §
v.    §     HARRIS COUNTY, TEXAS
   §
METABOLIFE INTERNATIONAL, INC.,    §
WAL-MART STORES, INC.,    §
MUSCLETECH RESEARCH    §
DEVELOPMENT, INC. AND    §
RUSCHE PROPERTIES I LLC    §
     Defendants.    §     113TH JUDICIAL DISTRICT

**JURY DEMAND OF DEFENDANT
WAL-MART STORES, INC.**

TO THE HONORABLE JUDGE OF SAID COURT:

    Defendant Wal-Mart Stores, Inc. ("Defendant") requests a trial by jury.

          Respectfully submitted,

          SHEEHY, SERPE & WARE, P.C.

          By: _____
             Raymond A. Neuer
             State Bar No. 14928350
          2500 Two Houston Center
          909 Fannin Street
          Houston, Texas  77010-1003
          (713) 951-1000 – Telephone
          (713) 951-1199 – Telecopier

          *Attorneys for Defendant
          Wal-Mart Stores, Inc.*

ASSESSED
228 2392
ENTERED
VERIFIED

3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to all known counsel of record in accordance with the Texas Rules of Civil Procedure on this the *27* day of July, 2005.

_____
Raymond A. Neuer

CAUSE NO. 2005-34601

| | | |
|---|---|---|
| MARCY BERKLEY DICKEY, | § | IN THE DISTRICT COURT |
| INDIVIDUALLY AND AS NEXT FRIEND | § | |
| OF DASHUN DICKEY AND | § | |
| KRISTIAN DICKEY | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| METABOLIFE INTERNATIONAL, INC., | § | |
| WAL-MART STORES, INC., | § | |
| MUSCLETECH RESEARCH | § | |
| DEVELOPMENT, INC. AND | § | |
| RUSCHE PROPERTIES I LLC | § | |
|     Defendants. | § | 113TH JUDICIAL DISTRICT |

## ORIGINAL ANSWER OF DEFENDANT
## WAL-MART STORES, INC.

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Wal-Mart Stores, Inc. ("Defendant") files this Original Answer, and in support thereof would show unto this Court as follows:

As authorized by Rule 92 of the Texas Rules of Civil Procedure, Defendant enters a general denial of all matters pled by Plaintiffs and requests that the Court require Plaintiffs to prove their charges and allegations by a preponderance of the evidence or clear and convincing evidence as required by the Constitution and laws of the State of Texas.

WHEREFORE, PREMISES CONSIDERED, Defendant Wal-Mart Stores, Inc. requests that Plaintiffs take nothing against Defendant Wal-Mart Stores, Inc. and that Defendant Wal-Mart Stores, Inc. have and recover its attorneys' fees and costs of court. Finally, Defendant Wal-Mart Stores, Inc. requests all other relief, legal or equitable, general or special, to which it may show itself justly entitled.

1

Respectfully submitted,

SHEEHY, SERPE & WARE, P.C.

By: _____
      Raymond A. Neuer
      State Bar No. 14928350
2500 Two Houston Center
909 Fannin Street
Houston, Texas 77010-1003
(713) 951-1000 – Telephone
(713) 951-1199 – Telecopier

*Attorneys for Defendant*
*Wal-Mart Stores, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to all known counsel of record in accordance with the Texas Rules of Civil Procedure on this the 27 day of July, 2005.

_____
Raymond A. Neuer

901274

CAUSE NO. 2005-34601

| | | |
|---|---|---|
| MARCY BERKLEY DICKEY, | § | IN THE DISTRICT COURT |
| INDIVIDUALLY AND AS NEXT FRIEND | § | |
| OF DASHUN DICKEY AND | § | |
| KRISTIAN DICKEY | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| METABOLIFE INTERNATIONAL, INC., | § | |
| WAL-MART STORES, INC., | § | |
| MUSCLETECH RESEARCH | § | |
| DEVELOPMENT, INC. AND | § | |
| RUSCHE PROPERTIES I LLC | § | |
|     Defendants. | § | 113TH JUDICIAL DISTRICT |

## CERTIFICATE OF WRITTEN DISCOVERY

This is to certify that on the 27th of July, 2005, Defendant Wal-Mart Stores, Inc. served

the following documents upon counsel for Plaintiffs, Marcy Berkley Dickey, Individually and as

Next Friend of Dashun Dickey and Kristian Dickey, by certified mail, return receipt requested.

    (1)    Defendant Wal-Mart Stores, Inc. Requests for Disclosure to Plaintiffs Marcy Berkley Dickey, Individually and as Next Friend of Dashun Dickey and Kristian Dickey.

                 Respectfully submitted,

                 SHEEHY, SERPE & WARE, P.C.

    By:    _____

                 Raymond A. Neuer
                 State Bar No. 14928350
    2500 Two Houston Center
    909 Fannin Street
    Houston, Texas 77010-1003
    (713) 951-1000 – Telephone
    (713) 951-1199 – Telecopier

    *Attorneys for Defendant*
    *Wal-Mart Stores, Inc.*

1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to all known counsel of record in accordance with the Texas Rules of Civil Procedure on this the 27 day of July, 2005.

_____
Raymond A. Neuer

901274

2

SHEEHY, SERPE & WARE
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
2500 TWO HOUSTON CENTER
909 FANNIN STREET
HOUSTON, TEXAS 77010-1003

TELEPHONE (713) 951-1000    TELECOPIER (713) 951-1199

GALVESTON OFFICE
2200 MARKET STREET, SUITE 700
GALVESTON, TEXAS 77550
(409) 621-1818

CHARMAINE A. FERGUSON
DIRECT LINE: (713) 951-1165
E-MAIL: CFERGUSON@SSWPC.COM

August 26, 2005

*Via Messenger Delivery*

Mr. Charles Bacarisse, District Clerk
Harris County Courthouse
301 Fannin, Room 400
Houston, Texas 77002

Re:    Cause No. 2005-34601; *Marcy Berkley Dickey, Individually and as Next Friend of Dashun Dickey, and Kristian Dickey v. Metabolife International, Inc., Wal-Mart Stores, Inc., MuscleTech Research and Development, Inc., and Rusche Properties I LLC;* In the 113th Judicial District Court of Harris County, Texas

Dear Mr. Bacarisse:

Enclosed please find an original and one copy of Certificate of Written Discovery.

Please file the original document in your usual manner and return the file-stamped copy to our messenger.

By copy of this letter, we are forwarding all counsel of record a true and correct copy of same.

Mr. Charles Bacarisse
Harris County District Clerk
August 26, 2005
Page 2

Your assistance in this matter is appreciated. If you have any questions please call.

Very truly yours,

*Charmaine A. Ferguson*

Charmaine A. Ferguson

Enclosures
920108

cc:    Jay H. Henderson
       Stephen R. Bailey
       Matthew M. Prewett
       Cruse, Scott, Henderson & Allen
       2777 Allen Parkway
       7th Floor
       Houston, Texas 77019
       *Via certified mail return receipt requested*

       David P. Willis
       Willis Law Firm
       1221 McKinney
       Suite 3333
       Houston, Texas 77010
       *Via certified mail return receipt requested*

       Edward F. Blizzard
       Blizzard, McCarthy & Nabors
       440 Louisiana, Suite 170
       Houston, Texas 77002
       *Via certified mail return receipt requested*

Mr. Charles Bacarisse
Harris County District Clerk
August 26, 2005
Page 3

Kenneth T. Fibich
Fibich, Hampron & Leebron
1401 McKinney
Suite 1800
Houston, Texas 77010
*Via certified mail return receipt requested*

F. Kenneth Bailey, Jr.
Williams Bailey Law Firm
8441 Gulf Freeway
Suite 500
Houston, Texas 77017
*Via certified mail return receipt requested*

Bruce C. Gaible
Hays, McConn, Rice Pickering
400 Two Allen Center
1200 Smith Street
Houston, Texas 77002
*Via certified mail return receipt requested*

CAUSE NO. 2005-34601

| | | |
|---|---|---|
| MARCY BERKLEY DICKEY, | § | IN THE DISTRICT COURT |
| INDIVIDUALLY AND AS NEXT FRIEND | § | |
| OF DASHUN DICKEY AND | § | |
| KRISTIAN DICKEY | § | |
|     Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| METABOLIFE INTERNATIONAL, INC., | § | |
| WAL-MART STORES, INC., | § | |
| MUSCLETECH RESEARCH AND | § | |
| DEVELOPMENT, INC. AND | § | |
| RUSCHE PROPERTIES I LLC | § | |
|     Defendants. | § | 113TH JUDICIAL DISTRICT |

## CERTIFICATE OF WRITTEN DISCOVERY

This is to certify that on the 26th day of August, 2005, Defendant Wal-Mart Stores, Inc.

served upon counsel for Plaintiffs Marcy Berkley Dickey, Individually and as Next of Friend of

Dashun Dickey and Kristian Dickey by certified mail, return receipt requested, the Response of

Defendant Wal-Mart Stores, Inc. to Plaintiffs' Request for Disclosure.

Respectfully submitted,

SHEEHY, SERPE & WARE, P.C.

By   *Charmaine A. Ferguson*

    Raymond A. Neuer
    State Bar No. 14928350
    Charmaine A. Ferguson
    State Bar No. 24012616

    2500 Two Houston Center
    909 Fannin Street
    Houston, Texas 77010-1003
    Telephone: (713) 951-1000
    Facsimile: (713) 951-1199

    Attorneys for Defendant Wal-Mart Stores, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to all known counsel of record in accordance with the Texas Rules of Civil Procedure on this the 26th day of August, 2005.

Jay H. Henderson
Stephen R. Bailey
Matthew M. Prewett
Cruse, Scott, Henderson & Allen
2777 Allen Parkway
7th Floor
Houston, Texas 77019
*Via certified mail return receipt requested*

David P. Willis
Willis Law Firm
1221 McKinney
Suite 3333
Houston, Texas 77010
*Via certified mail return receipt requested*

Edward F. Blizzard
Blizzard, McCarthy & Nabors
440 Louisiana, Suite 170
Houston, Texas 77002
*Via certified mail return receipt requested*

Kenneth T. Fibich
Fibich, Hampron & Leebron
1401 McKinney
Suite 1800
Houston, Texas 77010
*Via certified mail return receipt requested*

F. Kenneth Bailey, Jr.
Williams Bailey Law Firm
8441 Gulf Freeway
Suite 500
Houston, Texas 77017
*Via certified mail return receipt requested*

Bruce C. Gaible
Hays, McConn, Rice Pickering
400 Two Allen Center
1200 Smith Street
Houston, Texas 77002
*Via certified mail return receipt requested*

*Charmaine A. Ferguson*

Raymond A. Neuer/Charmaine A. Ferguson

920104

SHEEHY, SERPE & WARE
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
2500 TWO HOUSTON CENTER
909 FANNIN STREET
HOUSTON, TEXAS 77010-1003
WWW.SSWPC.COM

TELEPHONE (713) 951-1000        TELECOPIER (713) 951-1199

RAYMOND A. NEUER
DIRECT LINE (713) 951-1027
E-MAIL R.NEUER@SSWPC.COM

GALVESTON OFFICE
2200 MARKET STREET, SUITE 700
GALVESTON, TEXAS 77550
(409) 621-1818

August 29, 2005

*Via Courthouse Messenger*

Mr. Charles Bacarisse
District Clerk
Harris County Courthouse
301 Fannin, Room 400
Houston, Texas 77002

Re:    Cause No. 2005-34601; *Marcy Berkley Dickey, Individually and as Next Friend of Dashun Dickey, and Kristian Dickey v. Metabolife International, Inc., Wal-Mart Stores, Inc., MuscleTech Research Development, Inc., and Rusche Properties I LLC;* In the 113th Judicial District Court of Harris County, Texas

Dear Mr. Bacarisse:

Enclosed please find an original and one copy of the following:

1.    Original Answer of Defendant MuscleTech Research & Development, Inc.;
2.    Jury Demand of MuscleTech Research & Development, Inc.

The jury filing fee has already been paid. Please file the original documents in your usual manner and return the file-stamped copy to our messenger.

By copy of this letter, Plaintiff's counsel is being provided a true and correct copy of the enclosures.

Mr. Charles Bacarisse
Harris County District Clerk
August 29, 2005
Page 2

_____

Your assistance in this matter is appreciated. If you have any questions please call.

Very truly yours,

Raymond A. Neuer

RAN:nk
Enclosures
920470

CMRRR 7003 2260 0007 4514 8128

cc:    Jay H. Henderson
       Stephen R. Bailey
       Matthew M. Prewett
       Cruse, Scott, Henderson & Allen
       2777 Allen Parkway, 7th Floor
       Houston, Texas  77019

       David P. Willis
       Willis Law Firm
       1221 McKinney, Suite 3333
       Houston, Texas  77010

       All Known Counsel of Record

CAUSE NO. 2005-34601

MARCY BERKLEY DICKEY,                    §          IN THE DISTRICT COURT
INDIVIDUALLY AND AS NEXT FRIEND          §
OF DASHUN DICKEY AND                     §
KRISTIAN DICKEY                          §
     Plaintiff,              §
                                         §
v.                                       §          HARRIS COUNTY, TEXAS
                                         §
METABOLIFE INTERNATIONAL, INC.,          §
WAL-MART STORES, INC.,                   §
MUSCLETECH RESEARCH                      §
DEVELOPMENT, INC. AND                    §
RUSCHE PROPERTIES I LLC                  §
     Defendants.             §          113TH JUDICIAL DISTRICT

## ORIGINAL ANSWER OF DEFENDANT
## MUSCLETECH RESEARCH & DEVELOPMENT, INC.

TO THE HONORABLE JUDGE OF SAID COURT:

    Defendant MuscleTech Research & Development, Inc. ("Defendant") files this Original Answer, and in support thereof would show unto this Court as follows:

    As authorized by Rule 92 of the Texas Rules of Civil Procedure, Defendant enters a general denial of all matters pled by Plaintiffs and requests that the Court require Plaintiffs to prove their charges and allegations by a preponderance of the evidence or clear and convincing evidence as required by the Constitution and laws of the State of Texas.

    WHEREFORE, PREMISES CONSIDERED, Defendant MuscleTech Research & Development, Inc. requests that Plaintiffs take nothing against Defendant MuscleTech Research & Development, Inc. and that Defendant MuscleTech Research & Development, Inc. have and recover its attorneys' fees and costs of court. Finally, Defendant MuscleTech Research &

Development, Inc. requests all other relief, legal or equitable, general or special, to which it may

show itself justly entitled.

Respectfully submitted,

SHEEHY, SERPE & WARE, P.C.

By: _____
Raymond A. Neuer
State Bar No. 14928350
2500 Two Houston Center
909 Fannin Street
Houston, Texas 77010-1003
(713) 951-1000 – Telephone
(713) 951-1199 – Telecopier

*Attorneys for Defendant*
*MuscleTech Research & Development, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to all known counsel of record in accordance with the Texas Rules of Civil Procedure on this the 29th day of August, 2005.

_____
Raymond A. Neuer

901408

2

CAUSE NO. 2005-34601

| | | |
|---|---|---|
| MARCY BERKLEY DICKEY,<br>INDIVIDUALLY AND AS NEXT FRIEND<br>OF DASHUN DICKEY AND<br>KRISTIAN DICKEY<br>　　　Plaintiff,<br><br>v.<br><br>METABOLIFE INTERNATIONAL, INC.,<br>WAL-MART STORES, INC.,<br>MUSCLETECH RESEARCH<br>DEVELOPMENT, INC. AND<br>RUSCHE PROPERTIES I LLC<br>　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT<br><br><br><br>HARRIS COUNTY, TEXAS<br><br><br><br>113TH JUDICIAL DISTRICT |

## JURY DEMAND OF DEFENDANT
## MUSCLETECH RESEARCH & DEVELOPMENT, INC.

TO THE HONORABLE JUDGE OF SAID COURT:

　　　Defendant MuscleTech Research & Development, Inc. ("Defendant") requests a trial by

jury.

　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　SHEEHY, SERPE & WARE, P.C.


By:　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　Raymond A. Neuer
　　　State Bar No. 14928350
2500 Two Houston Center
909 Fannin Street
Houston, Texas  77010-1003
(713) 951-1000 – Telephone
(713) 951-1199 – Telecopier

*Attorneys for Defendant*
*MuscleTech Research & Development, Inc.*

3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to all known counsel of record in accordance with the Texas Rules of Civil Procedure on this the 29th day of August, 2005.

_____
Raymond A. Neuer

SHEEHY, SERPE & WARE
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
2500 TWO HOUSTON CENTER
909 FANNIN STREET
HOUSTON, TEXAS 77010-1003

TELEPHONE (713) 951-1000    TELECOPIER (713) 951-1199

CHARMAINE A. FERGUSON
DIRECT LINE: (713) 951-1165
E-MAIL: CFERGUSON@SSWPC.COM



August 30, 2005

*Via Messenger Delivery*

Mr. Charles Bacarisse, District Clerk
Harris County Courthouse
301 Fannin, Room 400
Houston, Texas 77002

Re:    Cause No. 2005-34601; *Marcy Berkley Dickey, Individually and as Next Friend of Dashun Dickey, and Kristian Dickey v. Metabolife International, Inc., Wal-Mart Stores, Inc., MuscleTech Research and Development, Inc., and Rusche Properties I LLC;* In the 113th Judicial District Court of Harris County, Texas

Dear Mr. Bacarisse:

Enclosed please find an original and one copy of Certificate of Written Discovery.

Please file the original document in your usual manner and return the file-stamped copy to our messenger.

By copy of this letter, we are forwarding all counsel of record a true and correct copy of same.

Mr. Charles Bacarisse
Harris County District Clerk
August 30, 2005
Page 2

Your assistance in this matter is appreciated. If you have any questions please call.

Very truly yours,

*Charmaine A. Ferguson*

Charmaine A. Ferguson

Enclosures
921065

cc:     Jay H. Henderson
        Stephen R. Bailey
        Matthew M. Prewett
        Cruse, Scott, Henderson & Allen
        2777 Allen Parkway, 7th Floor
        Houston, Texas 77019
        *Via certified mail return receipt requested*

        David P. Willis
        Willis Law Firm
        1221 McKinney, Suite 3333
        Houston, Texas 77010
        *Via certified mail return receipt requested*

        Edward F. Blizzard
        Blizzard, McCarthy & Nabors
        440 Louisiana, Suite 170
        Houston, Texas 77002
        *Via certified mail return receipt requested*

        Kenneth T. Fibich
        Fibich, Hampron & Leebron
        1401 McKinney, Suite 1800
        Houston, Texas 77010
        *Via certified mail return receipt requested*

Mr. Charles Bacarisse
Harris County District Clerk
August 30, 2005
Page 3

F. Kenneth Bailey, Jr.
Williams Bailey Law Firm
8441 Gulf Freeway, Suite 500
Houston, Texas 77017
*Via certified mail return receipt requested*

Bruce C. Gaible
Hays, McConn, Rice Pickering
400 Two Allen Center
1200 Smith Street
Houston, Texas 77002
*Via certified mail return receipt requested*

CAUSE NO. 2005-34601

| | | |
|---|---|---|
| MARCY BERKLEY DICKEY, INDIVIDUALLY AND AS NEXT FRIEND OF DASHUN DICKEY AND KRISTIAN DICKEY | § § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| METABOLIFE INTERNATIONAL, INC., WAL-MART STORES, INC., MUSCLETECH RESEARCH AND DEVELOPMENT, INC. AND RUSCHE PROPERTIES I LLC | § § § § § § | |
| Defendants. | § | 113TH JUDICIAL DISTRICT |

## CERTIFICATE OF WRITTEN DISCOVERY

This is to certify that on the 30th day of August, 2005, Defendant Muscletech Research and Development, Inc. served upon counsel for Plaintiffs Marcy Berkley Dickey, Individually and as Next of Friend of Dashun Dickey and Kristian Dickey by certified mail, return receipt requested, the Response of Defendant Muscletech Research and Development, Inc. to Plaintiffs' Request for Disclosure.

Respectfully submitted,

**SHEEHY, SERPE & WARE, P.C.**

By _Charmaine A. Ferguson_

Raymond A. Neuer
State Bar No. 14928350
Charmaine A. Ferguson
State Bar No. 24012616
2500 Two Houston Center
909 Fannin Street
Houston, Texas 77010-1003
Telephone: (713) 951-1000
Facsimile: (713) 951-1199
Attorneys for Defendant Muscletech Research and Development, Inc.



## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to all known counsel of record in accordance with the Texas Rules of Civil Procedure on this the 30th day of August, 2005.

Jay H. Henderson
Stephen R. Bailey
Matthew M. Prewett
Cruse, Scott, Henderson & Allen
2777 Allen Parkway, 7th Floor
Houston, Texas 77019
*Via certified mail return receipt requested*

David P. Willis
Willis Law Firm
1221 McKinney, Suite 3333
Houston, Texas 77010
*Via certified mail return receipt requested*

Edward F. Blizzard
Blizzard, McCarthy & Nabors
440 Louisiana, Suite 170
Houston, Texas 77002
*Via certified mail return receipt requested*

Kenneth T. Fibich
Fibich, Hampron & Leebron
1401 McKinney, Suite 1800
Houston, Texas 77010
*Via certified mail return receipt requested*

F. Kenneth Bailey, Jr.
Williams Bailey Law Firm
8441 Gulf Freeway, Suite 500
Houston, Texas 77017
*Via certified mail return receipt requested*

Bruce C. Gaible
Hays, McConn, Rice Pickering
400 Two Allen Center
1200 Smith Street
Houston, Texas 77002
*Via certified mail return receipt requested*

Charmaine A. Ferguson

Raymond A. Neuer/Charmaine A. Ferguson

921072

SHEEHY, SERPE & WARE
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
2500 TWO HOUSTON CENTER
909 FANNIN STREET
HOUSTON, TEXAS 77010-1003

TELEPHONE (713) 951-1000    TELECOPIER (713) 951-1199

CHARMAINE A. FERGUSON
DIRECT LINE: (713) 951-1165
E-MAIL: CFERGUSON@SSWPC.COM

GALVESTON OFFICE
2200 MARKET STREET, SUITE 700
GALVESTON, TEXAS 77550
(409) 621-1818

August 31, 2005

*Via Messenger Delivery*

Mr. Charles Bacarisse, District Clerk
Harris County Courthouse
301 Fannin, Room 400
Houston, Texas 77002

    Re:    Cause No. 2005-34601; *Marcy Berkley Dickey, Individually and as Next Friend of Dashun Dickey, and Kristian Dickey v. Metabolife International, Inc., Wal-Mart Stores, Inc., MuscleTech Research and Development, Inc., and Rusche Properties I LLC;* In the 113th Judicial District Court of Harris County, Texas

Dear Mr. Bacarisse:

    Enclosed please find an original and one copy of Certificate of Written Discovery.

    Please file the original document in your usual manner and return the file-stamped copy to our messenger.

    By copy of this letter, we are forwarding all counsel of record a true and correct copy of same.

Mr. Charles Bacarisse
Harris County District Clerk
August 31, 2005
Page 2

_____

Your assistance in this matter is appreciated. If you have any questions please call.

Very truly yours,

Charmaine A. Ferguson

Charmaine A. Ferguson

Enclosures
921668

cc:    Jay H. Henderson
       Stephen R. Bailey
       Matthew M. Prewett
       Cruse, Scott, Henderson & Allen
       2777 Allen Parkway, 7th Floor
       Houston, Texas 77019
       *Via certified mail return receipt requested*

       David P. Willis
       Willis Law Firm
       1221 McKinney, Suite 3333
       Houston, Texas 77010
       *Via certified mail return receipt requested*

       Edward F. Blizzard
       Blizzard, McCarthy & Nabors
       440 Louisiana, Suite 170
       Houston, Texas 77002
       *Via certified mail return receipt requested*

       Kenneth T. Fibich
       Fibich, Hampron & Leebron
       1401 McKinney, Suite 1800
       Houston, Texas 77010
       *Via certified mail return receipt requested*

Mr. Charles Bacarisse
Harris County District Clerk
August 31, 2005
Page 3

F. Kenneth Bailey, Jr.
Williams Bailey Law Firm
8441 Gulf Freeway, Suite 500
Houston, Texas 77017
*Via certified mail return receipt requested*

Bruce C. Gaible
Hays, McConn, Rice Pickering
400 Two Allen Center
1200 Smith Street
Houston, Texas 77002
*Via certified mail return receipt requested*

CAUSE NO. 2005-34601

| | | |
|---|---|---|
| MARCY BERKLEY DICKEY, | § | IN THE DISTRICT COURT |
| INDIVIDUALLY AND AS NEXT FRIEND | § | |
| OF DASHUN DICKEY AND | § | |
| KRISTIAN DICKEY | § | |
|     Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| METABOLIFE INTERNATIONAL, INC., | § | |
| WAL-MART STORES, INC., | § | |
| MUSCLETECH RESEARCH AND | § | |
| DEVELOPMENT, INC. AND | § | |
| RUSCHE PROPERTIES I LLC | § | |
|     Defendants. | § | 113TH JUDICIAL DISTRICT |

## CERTIFICATE OF WRITTEN DISCOVERY

This is to certify that on the 31st day of August, 2005, Defendant MuscleTech Research

and Development, Inc. served upon counsel for Plaintiffs Marcy Berkley Dickey, Individually

and as Next of Friend of Dashun Dickey and Kristian Dickey by certified mail, return receipt

requested, the following documents:

1. Defendant Muscletech Research and Development, Inc.'s Request for Disclosure to Plaintiffs Marcy Berkley Dickey, Individually, and as Next Friend of Dashun Dickey and Kristian Dickey;
2. Defendant Muscletech Research and Development, Inc.'s First Set of Written Interrogatories to Plaintiff Marcy Berkley Dickey, Individually;
3. Defendant Muscletech Research and Development, Inc.'s First Set of Written Interrogatories to Plaintiff Kristian Dickey;
4. Defendant Muscletech Research and Development, Inc.'s First Set of Written Interrogatories to Plaintiff Marcy Berkley Dickey, as Next Friend of Dashun Dickey; and
5. Defendant MuscleTech Research and Development, Inc.'s Request for Production to Plaintiffs.



Respectfully submitted,

**SHEEHY, SERPE & WARE, P.C.**


By  *Charmaine A. Ferguson*
           Raymond A. Neuer
           State Bar No. 14928350
           Charmaine A. Ferguson
           State Bar No. 24012616

2500 Two Houston Center
909 Fannin Street
Houston, Texas  77010-1003
Telephone:  (713) 951-1000
Facsimile:  (713) 951-1199

Attorneys for Defendant MuscleTech Research
and Development, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to all known counsel of record in accordance with the Texas Rules of Civil Procedure on this the 31st day of August, 2005.

Jay H. Henderson
Stephen R. Bailey
Matthew M. Prewett
Cruse, Scott, Henderson & Allen
2777 Allen Parkway, 7th Floor
Houston, Texas 77019
*Via certified mail return receipt requested*

David P. Willis
Willis Law Firm
1221 McKinney, Suite 3333
Houston, Texas 77010
*Via certified mail return receipt requested*

Edward F. Blizzard
Blizzard, McCarthy & Nabors
440 Louisiana, Suite 170
Houston, Texas 77002
*Via certified mail return receipt requested*

Kenneth T. Fibich
Fibich, Hampron & Leebron
1401 McKinney, Suite 1800
Houston, Texas 77010
*Via certified mail return receipt requested*

F. Kenneth Bailey, Jr.
Williams Bailey Law Firm
8441 Gulf Freeway, Suite 500
Houston, Texas 77017
*Via certified mail return receipt requested*

Bruce C. Gaible
Hays, McConn, Rice Pickering
400 Two Allen Center
1200 Smith Street
Houston, Texas 77002
*Via certified mail return receipt requested*

Charmaine A. Ferguson

Raymond A. Neuer/Charmaine A. Ferguson

921621

3

CAUSE NO. 2005-34601

| | | |
|---|---|---|
| MARCY BERKLEY DICKEY, INDIVIDUALLY AND AS NEXT FRIEND OF DASHUN DICKEY, AND KRISTIAN DICKEY | § § § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| VS. | § § | HARRIS COUNTY, TEXAS |
| METABOLIFE INTERNATIONAL, INC., WAL-MART STORES, INC., MUSCLETECH RESEARCH DEVELOPMENT, INC., RUSCHE PROPERTIES I LLC, AND ANUM ENTERPRISES, INC. | § § § § § § § | |
| Defendants. | § | 113TH JUDICIAL DISTRICT |

## NOTICE OF PARTIAL NON-SUIT OF WAL-MART STORES, INC.

Plaintiffs Marcy Berkley-Dickey, Individually and as Next Friend of Dashun Dickey, and Kristian Dickey, pursuant to Texas Rule of Civil Procedure 162, hereby give notice to this Court, and to all parties to this suit, that they are taking a non-suit of their entire case against Defendant Wal-Mart Stores, Inc. without prejudice, immediately on the filing of this notice.

Respectfully submitted,

CRUSE, SCOTT, HENDERSON & ALLEN, L.L.P.

Jay H. Henderson, SBN 09424050
Stephen R. Bailey, SBN 01536660
Matthew M. Prewett, SBN 00788223
2777 Allen Parkway, 7th Floor
Houston, Texas 77019
713-650-6600 (Telephone)
713-650-1720 (Telecopier)

H:\DATA\mbd001\70149\372930.W51

Mr. David P. Willis
State Bar No. 21643500
Willis Law Firm
1221 McKinney, Suite 3333
Houston, Texas 77010
(713) 654-4040 (Telephone)
(713) 654-4050 (Telecopier)

ATTORNEYS FOR PLAINTIFFS
MARCY BERKLEY DICKEY, INDIVIDUALLY
AND AS NEXT FRIEND OF DASHUN
DICKEY, AND KRISTIAN DICKEY

*Of Counsel:*

Edward F. Blizzard, #02495000
J. Scott Nabers, #14769250
Blizzard, McCarthy & Nabers, L.L.P.
440 Louisiana Street, Suite 1710
Houston, Texas 77002
(713) 844-3750 (Telephone)
(713) 844-3755 (Telecopier)

Kenneth T. Fibich, #06952600
Russell S. Briggs, #02987720
Fibich, Hampton, Leebron & Garth, L.L.P.
Five Houston Center
1401 McKinney, Suite 1800
Houston, Texas 77010
(713) 751-0025 (Telephone)
(713) 751-0030 (Telecopier)

F. Kenneth Bailey, Jr., #24006782
Robert A. Schwartz, #17869670
Williams Bailey Law Firm, L.L.P.
8441 Gulf Freeway, Suite 600
Houston, Texas 77017
(713) 230-2200 (Telephone)
(713) 643-6226 (Telecopier)

## Certificate of Service

I hereby certify that on this 2nd day of September, 2005, a true and correct copy of the foregoing instrument was served upon all counsel of record in accordance with the Texas Rules of Civil Procedure.

Matthew M. Prewett

CAUSE NO. 2005-34601

| | | |
|---|---|---|
| MARCY BERKLEY DICKEY, INDIVIDUALLY AND AS NEXT FRIEND OF DASHUN DICKEY, AND KRISTIAN DICKEY | § § § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| VS. | § § | HARRIS COUNTY, TEXAS |
| METABOLIFE INTERNATIONAL, INC., WAL-MART STORES, INC., MUSCLETECH RESEARCH DEVELOPMENT, INC., RUSCHE PROPERTIES I LLC, AND ANUM ENTERPRISES, INC. | § § § § § § | |
| Defendants. | § | 113TH JUDICIAL DISTRICT |

## NOTICE OF PARTIAL NON-SUIT OF
## MUSCLETECH RESEARCH DEVELOPMENT, INC.

Plaintiffs Marcy Berkley-Dickey, Individually and as Next Friend of Dashun Dickey, and Kristian Dickey, pursuant to Texas Rule of Civil Procedure 162, hereby give notice to this Court, and to all parties to this suit, that they are taking a non-suit of their entire case against Defendant Muscletech Research Development, Inc. without prejudice, immediately on the filing of this notice.

Respectfully submitted,

CRUSE, SCOTT, HENDERSON & ALLEN, L.L.P.

Jay H. Henderson, SBN 09424050
Stephen R. Bailey, SBN 01536660
Matthew M. Prewett, SBN 00788223
2777 Allen Parkway, 7th Floor
Houston, Texas 77019
713-650-6600 (Telephone)
713-650-1720 (Telecopier)

H:\DATA\mbd001\70149\372928.W51

Mr. David P. Willis
State Bar No. 21643500
Willis Law Firm
1221 McKinney, Suite 3333
Houston, Texas 77010
(713) 654-4040 (Telephone)
(713) 654-4050 (Telecopier)

ATTORNEYS FOR PLAINTIFFS
MARCY BERKLEY DICKEY, INDIVIDUALLY
AND AS NEXT FRIEND OF DASHUN
DICKEY, AND KRISTIAN DICKEY

*Of Counsel:*

Edward F. Blizzard, #02495000
J. Scott Nabers, #14769250
Blizzard, McCarthy & Nabers, L.L.P.
440 Louisiana Street, Suite 1710
Houston, Texas 77002
(713) 844-3750 (Telephone)
(713) 844-3755 (Telecopier)

Kenneth T. Fibich, #06952600
Russell S. Briggs, #02987720
Fibich, Hampton, Leebron & Garth, L.L.P.
Five Houston Center
1401 McKinney, Suite 1800
Houston, Texas 77010
(713) 751-0025 (Telephone)
(713) 751-0030 (Telecopier)

F. Kenneth Bailey, Jr., #24006782
Robert A. Schwartz, #17869670
Williams Bailey Law Firm, L.L.P.
8441 Gulf Freeway, Suite 600
Houston, Texas 77017
(713) 230-2200 (Telephone)
(713) 643-6226 (Telecopier)

**Certificate of Service**

I hereby certify that on this 2nd day of September, 2005, a true and correct copy of the foregoing instrument was served upon all counsel of record in accordance with the Texas Rules of Civil Procedure.

Matthew M. Prewett

## CRUSE, SCOTT, HENDERSON & ALLEN, L.L.P.

ATTORNEYS AT LAW
2777 ALLEN PARKWAY
7TH FLOOR
HOUSTON, TEXAS 77019-2133
(713) 650-6600
FAX (713) 650-1720
www.crusescott.com

MATTHEW M. PREWETT
PARTNER

September 2, 2005

**BY HAND DELIVERY**

Mr. Charles Bacarisse
Harris County District Clerk
Harris County Civil Courts Building
301 Fannin, Room 101
Houston, Texas 77002

Re:    Cause No. 2005-34601; *Marcy Berkley Dickey, Individually and As Next Friend of Dashun Dickey, and Kristian Dickey vs. Metabolife International, Inc., Wal-Mart Stores, Inc., Muscletech Research Development, Inc., and Rusche Properties I LLC;* in the 113th Judicial District Court of Harris County, Texas

Dear Mr. Bacarisse:

Enclosed for filing with the Court are the original and one copy of **Plaintiffs' Notice of Partial Non-Suit of Wal-Mart Stores, Inc.** and **Plaintiffs' Notice of Partial Non-Suit of Muscletech Research Development, Inc.** in the above-referenced matter. Please file-stamp and return the extra copy of same.

Thank you in advance for your assistance.

Very truly yours,

Matthew M. Prewett

MMP/jns
Enclosures

H:\DATA\mbd001\70149\372933.DOC

HAYS, McCONN, RICE & PICKERING
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
400 TWO ALLEN CENTER
1200 SMITH STREET
HOUSTON, TEXAS 77002
TELEPHONE (713) 654-1111
TELECOPIER (713) 650-0027
www.haysmcconn.com

BRUCE C. GAIBLE

Direct Line: (713) 752-8301
E-Mail: BGaible@HaysMcConn.Com

November 7, 2005

*Hand Delivered*

Mr. Mr. Charles Bacarisse
Harris County District Clerk
301 Fannin Street
Houston, Texas 77002

Re:   Cause No. 2005-34601; *Marcy Berkley Dickey, Individually and a/n/f of Dashun Dickey and Kristian Dickey v. Metabolife International, Inc., et al*; Pending in the 113th Judicial District Court of Harris County, Texas

Dear Mr. Bacarisse:

Enclosed for filing in the above-captioned matter is an original and one copy of a Joint Motion to Abate and corresponding Order.  Please file in your usual manner and return the copy file stamped to the undersigned to evidence the filing of same. *I would appreciate your presenting the Motion and Order to the Judge for consideration*.

Your cooperation in this matter is greatly appreciated.

Sincerely,

HAYS, McCONN, RICE & PICKERING

Bruce C. Gaible

BCG:jb

Enclosures

02240.35 / 889071.1

Mr. Charles Bacarisse
November 7, 2005
Page 2


cc:    Stephen R. Bailey
       Cruse, Scott, Henderson & Allen
       2777 Allen Parkway
       7th Floor
       Houston, Texas 77019

       David P. Willis
       Willis Law Firm
       1221 McKinney
       Suite 3333
       Houston, Texas 77010

       Edward F. Blizzard
       Blizzard, McCarthy & Nabers
       440 Louisiana Street
       Suite 1710
       Houston, Texas 77002

       Kenneth T. Fibich
       Fibich, Hampton & Leebron
       1401 McKinney
       Suite 1800
       Houston, Texas 77010

       F. Kenneth Bailey, Jr.
       Williams Bailey Law Firm
       8441 Gulf Freeway
       Suite 500
       Houston, Texas 77017

02240.35 / 889071.1

05 NOV 10  PH 3: 44

CAUSE NO. 2005-34601

HARRIS COUNTY, TEXAS
DISTRICT CLERK
CHARLES BACARISSE

IN THE DISTRICT COURT OF

| | | |
|---|---|---|
| MARCY BERKLEY DICKEY, | § | |
| INDIVIDUALLY AND AS NEXT FRIEND | § | |
| OF DASHUN DICKEY AND KRISTIAN | § | |
| DICKEY | § | |
| | § | |
| | § | HARRIS COUNTY, TEXAS |
| V. | § | |
| | § | |
| METABOLIFE INTERNATIONAL, INC., | § | |
| ET AL | § | 113TH JUDICIAL DISTRICT |

### JOINT MOTION TO ABATE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiffs, MARCY BERKLEY DICKEY, INDIVIDUALLY and AS NEXT FRIEND

OF DASHUN DICKEY and KRISTIAN DICKEY, and Defendant, ANUM ENTERPRISES, INC., and file

this their Joint Motion to Abate in the above entitled and numbered cause, and would

respectfully show unto the court as follows:

1.      Plaintiffs brought suit against Metabolife International, Inc. (hereinafter

"Metabolife") in Plaintiffs' Original Petition which was filed on or about May 23, 2005.

2.      On or about July 30, 2005 Metabolife filed a Chapter 11 Bankruptcy Petition in

the United States Bankruptcy Court, Southern District of California.  This bankruptcy action

is still pending, and there has been no action taken by this bankruptcy court to lift its stay as to

the Dickeys' personal injury claims asserted in this present lawsuit.

02240.35 / 886545.1                          Page 1 of 4

3.      On or about July 1, 2005 Plaintiffs' filed their First Amended Original Petition naming Anum Enterprises, Inc. as a defendant (hereinafter "Anum"), and thereafter Anum was served and filed an Answer.  Plaintiffs have alleged in their amended petition that Anum marketed two different Metabolife products.  Under various theories of liability plaintiffs have alleged causes of action against Metabolife International, Inc. and Anum.

4.      Anum states that it is entitled to statutory indemnity as against Metabolife for all claims and causes of action asserted by plaintiffs against it.

5.      As a result of the pending bankruptcy action of Metabolife, this current action is stayed as to both the plaintiffs' claims against Metabolife, as well as Anum's claim for indemnity against Metabolife.  Therefore, Plaintiffs and Anum ask this court to abate this present suit until the automatic bankruptcy stay has been lifted,  Metabolife has been discharged from bankruptcy or other good cause is shown for lifting the abetment.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs and Anum request that this court grant their Motion to Abate, and for such other and further relief, both special and general, at law and equity, to wit these parties may be justly entitled.

Respectfully submitted,

HAYS, McCONN, RICE & PICKERING

BY: _____
    BRUCE C. GAIBLE
    State Bar No.: 07567400
    400 Two Allen Center
    1200 Smith Street
    Houston, Texas  77002
    713/654-1111 Fax:  713/650-0027

ATTORNEY FOR DEFENDANT,
ANUM ENTERPRISES, INC.

CRUSE, SCOTT, HENDERSON
& ALLEN, L.L.P.

BY: _____
    Stephen R. Bailey
    State Bar No.: _05188880_
    2777 Allen Parkway 7th Floor
    Houston, TX 77019
    (713)650-6600  Fax (713)650-1720

ATTORNEYS FOR PLAINTIFFS

02240.35 / 886545.1                              Page 3 of 4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been duly sent by U. S. mail, certified mail return receipt requested, hand delivery, or by telecopy, on this ____ day of November, 2005 to the following counsel:

Jay H. Henderson
Cruse, Scott, Henderson & Allen
2777 Allen Parkway
7th Floor
Houston, Texas 77019

David P. Willis
Willis Law Firm
1221 McKinney
Suite 3333
Houston, Texas 77010

Edward F. Blizzard
Blizzard, McCarthy & Nabers
440 Louisiana Street, Suite 1710
Houston, Texas 77002

Kenneth T. Fibich
Fibich, Hampton & Leebron
1401 McKinney, Suite 1800
Houston, Texas 77010

F. Kenneth Bailey, Jr.
Williams Bailey Law Firm
8441 Gulf Freeway, Suite 500
Houston, Texas 77017

_____
Bruce C. Gaible

02240.35 / 886545.1                            Page 4 of 4

11/07/2005  08:47  7136501720    CRUSE SCOTT HENDERSON    PAGE  06/07

CAUSE No. 2005-34601

IN THE DISTRICT COURT OF

MARCY BERKLEY DICKEY, §
INDIVIDUALLY AND AS NEXT FRIEND §
OF DASHUN DICKEY AND KRISTIAN §
DICKEY §
§
V. § HARRIS COUNTY, TEXAS
§
METABOLIFE INTERNATIONAL, INC., §
ET AL § 113TH JUDICIAL DISTRICT

## ORDER

BE IT REMEMBERED that on this day came on to be heard Plaintiffs, MARCY BERKLEY

DICKEY, INDIVIDUALLY and AS NEXT FRIEND OF DASHUN DICKEY and KRISTIAN DICKEY, and

Defendant, ANUM ENTERPRISES, INC.'s Joint Motion to Abate. After considering the Motion,

the Court is of the opinion that said Motion is meritorious and should be in all good things

granted. It is, therefore,

ORDERED that this suit is abated until the automatic bankruptcy stay has been lifted as

to Metabolife International, Inc., Metabolife International, Inc. has been discharged from

bankruptcy or further order of the Court.

Signed: November 17, 2005.

_____
Judge Presiding

APPROVED:

HAYS, McCONN, RICE & PICKERING

02240.35 / 886547.1                 Page 1 of 2

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

11/07/2005  08:47  713650 20                    CRUSE SCOTT HENDERSO                    PAGE  07/07

BY: _____

    Bruce C. Gaible
    State Bar No.: 07567400
    400 Two Allen Center
    1200 Smith Street
    Houston, Texas 77002
    (713) 654-1111 Fax (713) 655-9212

ATTORNEY FOR DEFENDANT,
ANUM ENTERPRISES, INC.

CRUSE, SCOTT, HENDERSON
  & ALLEN, L.L.P.

BY: _____

    Stephen R. Bailey
    State Bar No.: 05738880
    2777 Allen Parkway 7th Floor
    Houston, TX 77019
    (713)650-6600  Fax (713)650-1720

ATTORNEY FOR PLAINTIFFS

02240.35 / 886547.1                    Page 2 of 2

CAUSE NO. 2005-34601

| | | |
|---|---|---|
| MARCY BERKLEY DICKEY, | § | IN THE DISTRICT COURT |
| INDIVIDUALLY AND AS NEXT FRIEND | § | |
| OF DASHUN DICKEY AND KRISTIAN | § | |
| DICKEY | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| METABOLIFE INTERNATIONAL, INC., | § | |
| ET AL | § | 113TH JUDICIAL DISTRICT |

**JOINT MOTION TO LIFT ABATEMENT FOR THE LIMITED PURPOSE OF TRANSFER**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiffs, MARCY BERKLEY DICKEY, INDIVIDUALLY and AS NEXT FRIEND OF DASHUN DICKEY and KRISTIAN DICKEY, and Defendant, ANUM ENTERPRISES, INC., and file this their Joint Motion to Lift Abatement in the above entitled and numbered cause, and would respectfully show unto the court as follows:

1. Plaintiffs brought suit against Metabolife International, Inc. (hereinafter "Metabolife") in Plaintiffs' Original Petition which was filed on or about May 23, 2005.

2. On or about July 1, 2005 Plaintiffs' filed their First Amended Original Petition naming Anum Enterprises, Inc. as a defendant (hereinafter "Anum"), and thereafter Anum was served and filed an Answer. Under various theories of liability

plaintiffs have alleged causes of action against Metabolife International, Inc. and Anum.

3.     Thereafter, on or about June 30, 2005 Metabolife filed a Chapter 11 Bankruptcy Petition in the United States Bankruptcy Court, Southern District of California. As a result of the pending bankruptcy action of Metabolife, this current action was stayed as to both the plaintiffs' claims against Metabolife and Anum, as well as Anum's claim for indemnity against Metabolife. Therefore, Plaintiffs and Anum previously asked this court to abate this present suit. However, Plaintiffs and Anum hereby request that this court lift the abatement for the reasons set forth below.

4.     On or about October 24, 2005, the United States District Court for the Southern District of California entered an Order pursuant to 28 U.S.C. § 157(b)(5), that personal injury tort and wrongful death claims, which cannot be tried in bankruptcy court, shall be heard in the United States District Court for the Southern District of California, rather than in state and federal courts throughout the country.     As such, the Southern District of California issued an order regarding transfer of multiple cases, which were part of the MDL proceeding as of the date of the filing of the Metabolife bankrupcty, on June 30, 2005, to the Southern District of New York.

5.     Thereafter, on or about October 11, 2007, the United States District Court for the Southern District of California entered a Supplemental Order Regarding Transfer

of Cases Pursuant to 28 U.S.C. § 157(b)(5), which included *Dickey v. Metabolife, et al.*, 113th Judicial District Court for Harris County, Texas, Case No. 2005-34601. In particular, the Southern District of California ordered transfer of *Dickey v. Metabolife, et al.*, to the Southern District of California, only temporarily, for the purpose of forwarding it on to the Ephedra MDL Action in the Southern District of New York. As such, the parties hereby request that this court lift the abatement in order to effectuate transfer of this case to the Southern District of California

WHEREFORE, PREMISES CONSIDERED, Plaintiffs and Anum request that this court grant their Motion to Lift Abatement, and for such other and further relief, both special and general, at law and equity, to which these parties may be justly entitled.